ABNER F. SPENCER, Appellant, *v.* LYMAN LANGDON, Adm'r,
etc., of William C. Porter, deceased, Appellee.

APPEAL FROM PIKE.

*Letters of administration* from another State, certified under the seal of the Pro-
bate Court, by the sole presiding judge, by whom the records are kept, there
being no clerk, are admissible in evidence.

*Where a similiter* has been added to a special plea, concluding with a verification,
and the parties proceeded to trial without objection, it is too late to object in this
court, although the similiter was a nullity, and no answer to the plea.

*Such a defect* in pleading is cured by the sixth section of the statute of Jeofails.

THIS was a suit in the Pike Circuit Court, brought by defend-
ant in error against plaintiff in error, upon two promissory notes
executed to defendant's intestate. The declaration counted
upon said notes; also had a count upon a judgment of the Court
of Common Pleas of Defiance county, Ohio, rendered against
the defendant.

Several pleas were filed to the declaration: Nul tiel record,

nil debet, failure of consideration as to the notes ; also a plea denying that plaintiff was administrator as alleged.

The answer to the plea of failure of consideration as to the notes, was in the words following: " and plaintiff doth the like."

The cause was tried by the court, WALKER, Judge, without a jury. Upon the trial, the plaintiff produced in evidence the record of a judgment or decree of the Court of Common Pleas, of Defiance county, Ohio.

The clerk of the court certifies the record in the usual form, and the judge certifies that the person named in the certificate is clerk of said court, and that his attestation is in due form.

There is no date to the judge's certificate.

The copy of the letters of administration offered in evidence, are certified by the sole presiding judge, etc., of the Probate Court of Defiance county, Ohio, and keeper of the records thereof, there being no clerk of said court.

The notes were also given in evidence.

Objection was made to the reception of all the evidence. The court found the issue for plaintiff, and gave judgment for him.

LOGAN & HAY, for Appellant.

C. L. HIGBEE, for Appellee.

CATON, C. J. The first question presented by this record is, whether the certificate of the record of the court of probate in Ohio, is sufficient under the act of Congress. That certificate is by the sole presiding judge of the court, under the seal of the court, by whom the records of the court are kept, there being no clerk. This objection has been sustained in Massachusetts and New Hampshire, and has been overruled in Connecticut, Pennsylvania, Vermont and Kentucky. The decisions in the latter States, we consider more in conformity to the spirit and intention of the act of Congress, and will be adopted by this court. We are therefore of opinion that the Circuit Court decided properly, in admitting the record in evidence.

A special plea was filed, concluding with a verification ; to which a similiter was added ; upon which, the parties went to trial without objection. To this replication the defendant below now objects. It is too late to raise that objection now. The similiter was a nullity, and was no answer to the plea. The parties by agreement, went to trial, with a plea unanswered. This was decided to be no ground for reversing the judgment in the case of *Ross* v. *Reddick,* 1 Scam. R. 73. And upon the same principle was the case of *Bruzzle* v. *Usher,* Breese R. 14,

decided, where it was held that if the parties go to trial without any plea, the objection was waived, and the judgment was affirmed.

But we have no sort of doubt that this defect of pleading was intended to be cured, and was cured, by the sixth section of our statute of jeofails. That is as broad as our language could make it, to cure defects and omissions in pleadings, by which it was the design of the legislature to cut off all advantages arising from the carelessness and omissions of clerks and attorneys, where no objection should be made before trial, so that the courts might render judgments according to the very right of the case, without regard to such errors; which are in substance technical, though they may be substantial in form.

The judgment must be affirmed.

*Judgment affirmed.*

WALKER, J., having tried this cause below, took no part in the decision of the case.