# SUPREME COURT

OF

# ILLINOIS.

## SECOND GRAND DIVISION.

### JANUARY TERM, 1865.

JOHN CRABTREE *et al.*

*v.*

AMOS GREEN *et al.*

1. DEFAULT — *damages* — *judgment.* The practice is well settled, that a defendant must plead, and a trial be had, or be defaulted, before a final judgment can be rendered against him.

2. MOTION — *failing to plead.* A motion to quash the writ and dismiss the suit, was overruled, and defendants failed to plead, and without defaulting them, the court rendered final judgment; this was *held* to be error.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

This was an action of assumpsit commenced by Amos Green and John W. Sheets, against John Crabtree and James Crabtree, to the April term, 1864, of the Edgar Circuit Court. The facts sufficiently appear from the opinion of the court.

Mr. JAMES A. EADS, for the Plaintiffs in Error.

Mr. J. SCHOLFIELD, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

This was an action of assumpsit, and the declaration contained a special count, with the common counts. Plaintiffs in error entered a motion to quash the writ, which was overruled, and without defaulting the defendants below, the court proceeded to assess the damages, and rendered judgment in favor of plaintiffs below for $294.42. It is assigned for error, that a default was not taken before the judgment in chief was rendered, and that until a default was taken, the court could not assess damages or render final judgment.

There is no rule of practice better or more firmly settled, than that it is erro  to assess damages or render final judgment without an issue, or upon a default.   When a defendant fails to plead according to the rules of practice, the plaintiff may take a default, and have his damages assessed and a final judgment rendered. After a default is taken, the assessment should be made by the court, or, if demanded by either party, then by a jury, according to the provisions of the act of 1863. Sess. Laws, p. 47.   Until a defendant fails to plead, and a default is entered, he has the right to interpose a defense, and the court cannot judicially know that he does not intend to make a defense. The object of defaulting a defendant is to ascertain whether he has a defense, and if he fails to defend the action the default is entered, and until it is set aside he is precluded from pleading, and is considered as confessing the cause of action. The court below therefore erred in assessing the damages and rendering final judgment, in this case, without defaulting the defendants, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*