## ADRIAN W. PAUL *et al.*

### *v.*

## THE PEOPLE *ex rel.* John Gillen.

1. PRACTICE—*judgment without issue of law or fact* Where no issue of law or fact is taken upon pleas, it is error for the court, without any trial, to find the defendants guilty of usurping an office, and render judgment of ouster.

2. TRIAL—*by court.* Where the record fails to show the presence of the defendants or their counsel, at the time of a finding of facts, and the rendition of judgment, by the court, without a jury, it will not be presumed that a trial by jury was waived. If the defendant does not appear after issue formed, the court must order a jury.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiffs in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This record shows the filing of an affidavit, and a motion for leave to file an information in the nature of a *quo warranto*, against plaintiffs in error, for intruding into and exercising the powers, duties and functions of trustees of the town of Coulterville, without legal right. Leave was granted, and the information was filed, charging that the town was not then nor had it ever been legally incorporated under the laws of this State, and plaintiffs in error had usurped the office of trustees, etc.

To this information, several pleas were filed, setting up the ordering of an election by the trustees of the town; the giving of the notice by their clerk; the holding of the election; the number of votes cast for them; that the vote was canvassed; that they had the highest number of votes, and were declared duly elected trustees of the town. The record also shows that a demurrer was sustained to the first and second counts, and overruled as to the third, and that pleas were filed to this last count.

The record fails to disclose that anything was ever done with reference to these several pleas. The record does not show that they were demurred to or issue in fact was taken on them.

But at the September term, 1874, this order was entered: " And now, on this 23d day of September, A. D. 1874, come the People, by their attorneys, and the court finds that said defendants are guilty of unlawfully intruding into and holding the office of trustees of the village of Coulterville, without

warrant of law. It is, therefore, ordered and adjudged by the court, that defendants be, each and every of them, ousted of the said office, and that they pay the costs of this proceeding, and that execution is awarded therefor." Here seems to be a finding, and there is a judgment rendered, where the record presents no issue, either of law or fact, to be tried by the court or a jury.

Again, it does not appear that the attorneys for plaintiffs in error were present consenting to a trial. But, simply, the court, on the appearance of the attorneys for the People, found in their favor, and rendered a judgment of ouster. The order recites no trial, or that any evidence was heard.

But even if there had been an issue of fact, the court had no power to try it, without it was by consent of the parties. But no such consent appears, or even that plaintiffs in error or their attorney were present. Had there been an issue of fact, and the cause was reached for trial, and plaintiffs in error, or their counsel, had not been there, then the practice requires that a jury should have been impanneled, the evidence adduced, and a finding by the jury. It was manifest error to render this judgment on the record presented to us, and it must be reversed and the cause remanded.

*Judgment reversed.*