Lehr v. Vandeveer.

---

Lehr v. Vandeveer, Administrator, etc.

| 48 | 511 |
| 94 | 251 |

1. *Practice—Failure to Enter a Default.*—On the trial of an action of assumpsit, the court, in the absence of a plea to the declaration, and in the absence of the defendant, without entering a default, impaneled a jury and proceeded to assess the plaintiff's damages, and upon the verdict rendered a judgment. *Held,* that the failure to take and enter the default was a fatal error.

Memorandum.—Action of assumpsit. Writ of error to the Circuit Court of Greene County to reverse a judgment rendered in that court: the Hon. GEORGE W. HERDMAN, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed December 2, 1892.

PLAINTIFF'S (BELOW) STATEMENT OF THE CASE.

This was a suit by John W. Shake, on a promissory note,

made to him by Charles Lahr and Romantis Fritchman, dated August 25, 1886. Lahr was served with process, and the suit proceeded against him to judgment.

At the return term of the summons, September, 1886, defendant Lahr appeared and filed what is called a plea in abatement, setting up the death of plaintiff before the bringing of the suit. Without any rule being entered requiring plaintiff to reply to or answer the so-called plea in abatement, the cause was continued. At the next term, February, 1887, the plaintiff's death was suggested, and leave granted to make the administrator, H. M. Vandeveer, the party plaintiff; and the record fails to disclose that there was any objection or exception made or taken to the action of the court in allowing the change to be made by the substitution of the administrator. At this term, on March 4, 1887, the cause was tried before a jury, and verdict rendered; but before such trial, on the same day, defendant below appeared by attorney and moved for a continuance of the cause. This motion was denied, and the attorney excepted.

### PLAINTIFF'S BRIEF.

A proceeding at law can not be maintained in the name of a dead person, nor can one be begun in the name of a dead person. Nor does the rule apply that would, had the original plaintiff died after summons had been served. Life Association of America v. Fassett, 102 Ill. 315; Brown v. Parker, 15 Ill. 310; Douglas v. Newman, 5 Brad. 518.

The court should have entered a rule on defendant to plead to the declaration, and given him notice, or at least reasonable time, and not proceed the same day to try the cause in the absence of the defendant and his attorney, he being in no default; having a plea on file unanswered, that was a complete defense. Blake v. Miller, 118 Ill. 501.

W. M. WARD, attorney for plaintiff in error.

### DEFENDANT'S BRIEF.

The motion made by defendant below for a continuance,

Lehr v. Vandeveer.

was an appearance to the action, and a waiver or abandonment of his plea. Mitchell v. Jacobs, 17 Ill. 235; Easton v. Altum, 1 Scam. 250; Flake v. Carson, 33 Ill. 518.

A plea in abatement, being calculated to defeat justice, must be drawn with strict accuracy, even as to form, or it can not be supported. Feasler v. Schriever, 68 Ill. 322.

In Holloway v. Freeman, 22 Ill. 201, the court said: "As to pleas in abatement, it is to be observed that great strictness is required in framing them, as they are dilatory, not going to the merits of the action." Such pleas are not approved by the court, as they tend to thwart justice rather than to promote it. Humphrey v. Phillips, 57 Ill. 132.

They must give a better writ, by disclosing the name of the proper party. Railroad Company v. Munger, 78 Ill. 300; Insurance Company v. Palmer, 81 Ill. 88. And the plea must pray a particular and proper judgment. Hall v. Marks, 56 Ill. 125; Pitts Mfg. Co. v. Bank, 121 Ill. 582.

The court might have, *sua sponte*, stricken it from the files. Leake v. Brown, 43 Ill. 372.

H. M. Vandeveer, *pro se*.

Gross & Broadwell, of counsel for defendant in error.

Opinion by the Court.

In the court below, in an action of assumpsit, in the absence of a plea to the declaration, the court, when the plaintiff in error, who was defendant, was not present, without entering a default, impaneled a jury, assessed the damages of the defendant in error, as administrator, who was the plaintiff in the action, and upon the verdict of the jury thus procured, rendered the judgment sought to be reversed. Upon the authority of Crabtree v. Green, 36 Ill. 278, it seems that the failure to take and enter the default, was a fatal error. This holding is not without the support of other authorities. 5th Amer. & Eng. Ency. of Law, 487. For the omission indicated, the judgment is reversed and the cause remanded.