## John Swenson et al. v. Christina Erickson.

1. PARTNERSHIPS—*Liability for the Torts of Partners.*—Willful torts of one partner are not imputable to the firm of which he is a member.

2. SAME—*Power of a Partner to Bind his Firm by Deed.*—The common law rule is that a partner can not bind a copartner by deed unless authorized in express terms to do so by the deed of such copartner.

3. MALICIOUS PROSECUTION—*Of Attachment Suits, Measure of Proof.*—In an action for maliciously suing out a writ of attachment it is incumbent on the plaintiff to prove both a want of probable cause for suing out the attachment, and malice.

4. TRIALS—*Improper Remarks of the Trial Judge.*—Where the trial judge during the examination of a witness remarked " Evidently, sir, this man is making his evidence out of whole cloth," it was held that the remark was well calculated to discredit the witness with the jury and was consequently prejudicial to the party offering him, and such error is not cured by instructing the jury that they should not be influenced by any remark of the court touching the credibility of any witness.

5. JUDGMENTS—*A Unit, When to be Reversed.*—A judgment against two defendants with no evidence against one of them to sustain it, must be reversed.

**Malicious Prosecution,** for maliciously suing out an attachment. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed July 16, 1900.

DENEEN & HAMILL and EDWIN WHITE MOORE, attorneys for plaintiff in error.

A judgment against two defendants, in an action of tort, with no evidence against one, is . erroneous. Sager v. Gibson, 77 Ill. App. 119.

An expression by the court, in the hearing of the jury, touching the credibility of testimony, is prejudicial error. Kennedy v. People, 44 Ill. 283; I. C. R. R. Co. v. Souders, 178 Ill. 585; Marzen v. People, 173 Ill. 43; Andreas v. Ketcham, 77 Ill. 377; Feinberg v. People, 174 Ill. 609; Kennedy v. People, 44 Ill. 283; Artz v. Robertson, 50 Ill. App. 27; Skelly v. Boland, 78 Ill. 438; Farnham v. Farnham, 73 Ill. 497; Heinsen v. Lamb, 117 Ill. 549.

A partner is not liable for tort of copartner not committed within the scope of partnership business. Gilbert v. Emmons, 42 Ill. 147; Rosenkrans v. Barker, 115 Ill. 331; Grund v. VanVleck, 69 Ill. 478; Durant v. Rogers, 71 Ill. 121; Titcomb v. James, 57 Ill. App. 296; Callahan v. Hyland, 59 Ill. App. 347.

A partner, or a principal, is not liable for vindictive damages for the acts of a copartner or agent. Titcomb v. James, 57 Ill. App. 296.

JESSE COX, attorney for defendant in error.

For such torts as are committed by one partner in the course of the business of the partnership, all are liable, although the others may not have expressly assented to the act. (Story on Part., Sec. 166.) Each partner is a general agent for the other, as to all matters within the scope of the partnership dealings, and has all necessary authority to carry on the partnership and to do such things as are usually done by the partners in the business they are engaged in. (Story on Part., Sec. 101.) Under this general authority, the right of one partner in a mercantile firm, without consulting his copartners, to sue in the name of all the copartners, for a debt due the firm, either in an ordinary action or one in attachment, can not be questioned, and it is a logical conclusion from the elementary doctrines announced by Story and well sustained by the authorities, that all the copartners are liable to any one whose goods have been wrongfully seized under such attachment by the direction of the partner instituting the suit. Kuhn v. Weil, 73 Mo. 213; Rolfe v. Dudley, 58 Mich. 208; Harvey v. McAdams, 32 Mich. 472; Robinson v. Goings, 63 Miss. 500.

The principle that a firm is liable for a tort committed by one partner in the course of a partnership business is well settled in the courts of Illinois. Wolf v. Mills, 56 Ill. 360; Loomis v. Barker, 69 Ill. 360.

A tort committed or authorized by a partner in effecting collection of debts by the usual and ordinary methods is the tort of the firm, though the innocent partners would not be held responsible for the adoption by the copartner of unusual and extortionate methods. Am. and Eng. Ency. of Law, Vol. 17, p. 1037.

MR. JUSTICE ADAMS delivered the opinion of the court.

Defendant in error sued plaintiffs in error for suing out an attachment against her property maliciously and without probable cause. The case was tried by the court and a jury. The jury found for the plaintiff and assessed her damages at the sum of $150 and judgment was rendered on the verdict.

John Swenson and Nils Olson were partners in the grocery business, and defendant in error was indebted to them to the amount of $11 and some cents. October 11, 1894, Swenson went before a justice of the peace and made affidavit that defendant in error was indebted to Olson and Swenson in the sum of $11.28, and that they had good reason to believe and did believe "that the said Christina Erickson has, within two years last past, fraudulently concealed and disposed of her property so as to hinder and delay her creditors, and is about fraudulently to conceal, assign, or otherwise dispose of her property, or effects, so as to hinder or delay her creditors, is not a resident of this State, and that, upon diligent inquiry, affiant has not been able to ascertain the place of residence of the said Christina Erickson." Swenson signed the attachment bond in his own name and also signed "Nils Olson (Seal) by John Swenson." A writ of attachment issued, was placed in the hands of a constable about four o'clock in the afternoon of October 11, 1894, and the constable executed the writ the same afternoon by seizing and carting away a quantity of furniture, bedding, kitchen utensils, etc., of defendant in error. Defendant in error was engaged in the restaurant business at the time, and the constable seized about all the property connected with that business.

It does not appear from the evidence that Olson advised, aided, or co-operated in any way in suing out the attachment, or in any of the proceedings subsequent to the issuance of the writ, or that he in any way ratified the suing out of the attachment or knew of it until after the goods had been removed, or was in any way benefited by it. The defendant in error was absent from her restaurant from the morning of October 10th until after her goods had been seized on the attachment writ and carried away. She testified that on her return she saw Swenson and conversed with him, and afterward saw Olson. This occurred in her examination in chief:

"Q. What talk did you have with Olson? A. Mr. Olson said, 'I would rather have given you twenty-five

dollars and have this undone, but Mr. Swenson did this, and he has got to answer for it.'"

This, clearly, was an expression of disapproval of Swenson's act in the premises. Plaintiff in error Olson derived no benefit from the attachment. The defendant in error appeared October 16, 1894, at ten o'clock P. M., when the writ was returnable. The plaintiffs in the writ did not appear, and the suit was dismissed for want of prosecution. The goods seized on the writ were returned to defendant in error by the constable, October 18, 1894, so that no benefit accrued to either of plaintiffs in error by the suing out of the writ.

Counsel for defendant in error contends that Olson is equally liable with Swenson, on the ground of the partnership, even though he may not have advised or actively co-operated in procuring the writ, or may not have ratified or derived any benefit from it. This doctrine is expressly repudiated in Rosenkrans et al. v. Barker, 115 Ill. 331. In that case the court cite Gow, Collyer and Lindley on Partnership, in support of the proposition that wrongful acts—in violation of law—will only implicate those who are guilty of them, and that the willful tort of one partner is not imputable to the firm. The court, among other things, say :

"Here, no part of the debt was collected by the commencement or prosecution of the proceedings against Barker, and it is not claimed that a liability exists on account of receiving any benefit from the arrest, and if Rosenkrans is to be held liable, it is upon the ground that he was a member of the firm which instituted the suit and caused the arrest. This, under the authorities cited, can not be done." Ib. 339.

To the same effect are the following cases : Gilbert v. Emmons, 42 Ill. 143; Grund v. Van Vleck, 69 Ib. 478; Durrant v. Rogers, 71 Ib. 121; Titcomb v. James, 57 Ill. App. 296.

In the present case it was incumbent on defendant in error to prove both want of probable cause for suing out the writ of attachment and malice. Now, while it is true

that malice may be inferred from want of probable cause, as against the person who acted in the premises without probable cause, it would be extremely unreasonable and unjust to indulge in such inference against one who neither advised nor co-operated in, nor ratified, nor derived benefit from the act done without probable cause. Counsel for defendant in error contends that it must be presumed that the justice, who approved the attachment bond, ascertained that Swenson was authorized by his partner, Olson, to sign the bond in Olson's name, citing Campbell v. State Bank, 1 Scam. 423, and Sullivan v. Dollins, 11 Ill. 16. In the first case, a supersedeas bond was signed in the name of an obligor by an attorney in fact. In the last case an appeal bond was signed in a like manner. The court held in each case that, in the absence of an affidavit denying the authority of the attorney in fact to sign for his apparent principal, it would be presumed that the clerk taking the bond did his duty, and ascertained that the attorney in fact was authorized. We regard these decisions as merely announcing a rule of practice, and do not regard them as applicable to the present case, in which it was incumbent on defendant in error to prove every fact essential to a recovery. The common law rule is, that a partner can not bind his copartner by deed, unless authorized in express terms so to do by deed of his copartner. Story on Partnership (7th Ed.), Sec. 117.

The judgment against Olson is unwarranted by the evidence, and being erroneous as to him, and a unit, must be reversed as to both defendants. Street R. R. Co. v. Morrison, 160 Ill. 288, 295; Sup. Lodge K. of H. v. Goldberger, 175 Ib. 19; Finance Co. of Penn. v. Hanlon, 75 Ill. App. 188; Sagor v. Gibson, 77 Ib. 119.

Bernard Muehrcke, the constable who executed the writ of attachment, was a material witness for plaintiffs in error. Being questioned in regard to the restaurant of defendant in error, the following occurred:

" Q. What kind of place was it? A. It was one of those cheap restaurants where they serve ten and fifteen cent meals.

Mr. Cox: Q. How do you know? Did you ever buy any meals there? A. No, sir.

The Court: Evidently, sir, this man is making this testimony out of whole cloth."

The attorney for plaintiffs in error excepted to the remark of the court. That the remark was well calculated to discredit the witness with the jury, and was consequently prejudicial to plaintiffs in error, is, we think, too clear to admit of discussion. Remarks, some of them less calculated to influence the jury than the remark in question, have been held to be prejudicial error. Kennedy v. The People, 44 Ill. 283; Andreas v. Ketcham, 77 Ib. 377; Marzen v. The People, 173 Ib. 43; Feinberg v. The People, 174 Ib. 609; Ill. Cen. R. R. Co. v. Souders, 178 Ib. 585.

The court instructed the jury that they should not be influenced by any remark of the court touching the credibility of any witness, but we can not think that the instruction cured the error. The remark was made near the commencement of the examination of the witness; he testified afterward at great length, and it would be only natural, if the jury, after hearing such a remark by the court, would give but little, if any, attention to the testimony of the witness, or disregard it altogether. At least such might be the effect of the court's remark.

The judgment will be reversed and the cause remanded.