### John Thomas et al. v. Frank McGuinness et al.

1. PRACTICE—*Effect of Taking a Rule to Plead to an Amended Declaration upon a Defendant Already in Default for Want of a Plea to the Original Declaration.*—Two persons were sued in trespass, one of whom defaulted, but the other filed a demurrer to the declaration, which was sustained, and leave given to file an amended declaration, which was done, and to which the defendants were ruled to plead, but failing to do so, the defendant demurring was defaulted for want of a plea, but no

Thomas v. McGuinness.

further default was entered against the other defendant after his default to the original declaration. The court caused an assessment of damages to be made by a jury, on which judgment was rendered against both defendants. *Held*, erroneous; as, when the demurrer of the defendant to the original declaration was sustained, and the amended declaration filed, the default of the other defendant was in legal effect set aside by the plaintiff's taking a rule upon both of the defendants to plead to the amended declaration.

2. AMENDMENTS—*Construction of the Statute.*—The statute of amendments was intended to apply to matters of form and not to matters going to the essential and substantial rights of the parties. The right of a defendant in this regard is one of substance. He can not be considered as guilty of the charges made against him in the declaration until he has either been defaulted or such charges have been proven upon an issue joined.

3. PRESUMPTIONS—*In Support of Judgments.*—Every reasonable presumption not rebutted by the record will be indulged in in order to support the judgment of a court of superior jurisdiction.

4. TRIALS—*By Jury, Where Pleas are Filed but no Issue Taken.*—Where pleas have been filed but no issue taken thereon it is error for the court to proceed to a trial without a jury in the absence of an affirmative showing by the record that it was consented to, or that the parties against whom the judgment is rendered, or their attorneys, were present.

5. MASTER AND SERVANT—*Joint Liability for Torts—Requisites of Pleading.*—In order to hold the master liable for a tort committed by his servant there should be positive and direct allegations of facts, and not conclusions, either that the master directed, participated in or authorized the act, or there should be like positive allegations of fact from which it can be said that it clearly appears from the pleading that the servant, in committing the tort, was acting within the scope of his employment, and within the scope of authority conferred upon him by his master.

Trespass, for an assault and battery. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed March 14, 1901.

Statement by the Court.—Defendant in error Frank McGuiness, plaintiff below, who sued by James McGuiness, his next friend, began an action in trespass against plaintiffs in error, defendants below, in which service was had upon both defendants, and a demurrer filed by John Thomas, the default of Frank Thomas being entered April 22, 1896. February 27, 1897, the demurrer was sustained and leave

given to file an amended declaration, which was filed March 5, 1897, and charges in substance that John Thomas was, in January, 1894, engaged in the saloon business in Chicago, and " had in his employ as bar-tender one Frank Thomas, and while the said defendant Frank Thomas was so in the employ of the said John Thomas, one of the defendants herein, and while acting in the course of his employment and within the scope of his authority, he, the said Frank Thomas, on or about the 15th day of January, 1894, with force and arms, etc., in the county and State aforesaid, assaulted the plaintiff, and then and there violently seized and laid hold of him, the plaintiff, and then and there, with a certain great stick, billy, piece of iron or piece of lead pipe gave and struck the plaintiff a great and violent blow upon his head and divers parts of his body;" and further charges divers other assaults upon the plaintiff by said Frank Thomas at the time and place aforesaid, causing divers and serious injuries to the plaintiff, which are set out in detail.

May 6, 1898, the suit was dismissed for want of prosecution, and a few days thereafter reinstated. October 8, 1898, Martin & Gilbert, who, as attorneys for John Thomas, filed his demurrer on January 4, 1896, withdrew their appearance. October 29, 1898, the defendants were ruled to plead to the plaintiff's amended declaration. Within five days, and on the following November 5th, his default was entered for a failure to plead as required by the rule of court. No default of the defendant Frank Thomas was entered after his default to the original declaration, but the court on January 31, 1899, caused an assessment of damages to be made before a jury, at the sum of $7,500, on which judgment was rendered against both defendants, to reverse which this writ of error is prosecuted.

LACKNER, BUTZ & MILLER, attorneys for plaintiffs in error.

CLIFFOLD & FULLER, attorneys for defendants in error; W. S. JOHNSON, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Several questions are raised by counsel for plaintiffs in error and argued, which it is unnecessary to consider, for the reason that they are obviated by a supplemental record filed in the cause after the original briefs were filed, and we do not now understand counsel to insist on their determination. There remain, however, two questions:

First. It appears, as we have seen from the preceding statement, that Frank Thomas was never defaulted except as to the original declaration, nor was he found guilty of the charges made against him in the declaration. He, with the other defendant, was ruled to plead to the amended declaration, and although it does not appear that he pleaded, the court proceeded to assess damages against him. This we think was error. When the demurrer of John Thomas to the original declaration was sustained and the amended declaration filed, the default of Frank Thomas was thereby set aside, and this is recognized by the plaintiff in taking a rule upon both the defendants to plead to the amended declaration. Crabtree v. Green, 36 Ill. 278; Gibson v. Rees, 50 Ill. 383, 406; Lyndon v. Lyndon, 69 Ill. 46; Blair v. Reading, 99 Ill. 600–11; Piercy v. People, 10 Ill. App. 221; Lehr v. Vandeveer, 48 Ill. App. 513.

As held in the Crabtree case, *supra*, this practice is well settled. The same rule is applied in chancery as at law, as was held in Pyle v. Pyle, 158 Ill. 289–94, in which the court approves the Crabtree case.

It is claimed for defendant in error that the omission to enter a formal order of default as to Frank Thomas is an omission which is cured by the statute of amendments and jeofails. No authority is cited in support of the claim, which we believe to be untenable. The right of a defendant in this regard is one of substance. He can not be said to be guilty of charges made against him in the declaration until he has either been defaulted, and thus has confessed them, or they have been proven upon an issue joined, neither of which appears to have been done in this case. To hold that the statute of amendments would cure this

omission, as it seems to us, would abrogate all rules which require an orderly and regular procedure with reference to matters of substance.    The statute was intended to apply to matters of form, not to matters going to the essential and substantial rights of the parties.    The statute does not in terms nor by implication cover the omission here made.

It is also said by counsel that it will be presumed, in the absence of a showing to the contrary, that Frank Thomas was present in court at the time of the assessment of damages, and the record not showing any formal objection by him to the procedure, he will be held to have waived a formal entry of default against him.    It is true, as a general rule, that every reasonable presumption not rebutted by the record itself will be indulged in, in order to support the judgment of a court of superior jurisdiction, but the cases cited by counsel are cases where the parties appeared at the trial, pleaded, and made a defense, or an issue had been made, or there had been a default entered.    In the case of Paul v. The People ex rel. Gillen, 82 Ill. 82, the court held that where pleas had been filed, but no issue taken thereon, that it was error for the court to proceed to a trial without a jury in the absence of an affirmative showing by the record that it was consented to, or that the parties against whom the judgment was rendered, or their attorney, were present.    This, we think, is the law, and is directly or indirectly sustained by the following authorities:    Archer v. Spillman, 1 Scam. 553; Burgwin v. Babcock, 11 Ill. 28; Kelsey v. Lamb, 21 Ill. 559; Phillips v. Hood, 85 Ill. 451; Miller v. People, 156 Ill. 113; Seavey v. Rogers, 69 Ill. 534.

Second.    It is contended by plaintiffs in error that as the declaration charges a trespass as against John Thomas for an assault committed by his servant and bar-tender, Frank Thomas, upon the person of defendant in error, and fails to charge that John Thomas participated in such assault, either directly or indirectly, or that he either directed or authorized such assault, there is no support for the judgment in the declaration as to John Thomas.

In support of this contention the case of Herman, etc., Co. v. Przbylski, 82 Ill. App. 361, decided by the Branch Court of this district, is relied upon. The case was one of alleged negligent driving of a servant of the master, suit being brought against them jointly for such negligence. It was held by a divided court that the action could not be sustained against the master and servant jointly, where it was claimed that the master was liable only upon the doctrine of *respondeat superior*. The court states that there is a sharp conflict of authorities upon the question, and refuses to follow the previous decision of this court in Johnson v. Magnuson, 68 Ill. App. 448, holding a contrary doctrine, and which is the basis of the dissenting opinion in the case. Both these cases are based upon the negligence of the servant, and do not present, as is here presented, the positive and violent act of the servant in committing a personal and aggravated assault upon the plaintiff by striking and beating. Whatever may be the rule as to the liability of the master jointly with his servant for simple negligence of the latter, we are inclined to the opinion that, in a case such as the one at bar, in order to render the master liable there should be positive and direct allegations of facts, and not conclusions, either that the master directed, participated in or authorized the assault, or that there should be like positive allegations of fact, from which it could be said that it clearly appeared from the declaration that the servant in committing the assault was acting within the course of his employment and within the scope of authority conferred upon him by the master. If this declaration is sufficient to render liable the defendant John Thomas, for the act of his bar-tender, then we can perceive no reason why the bookkeeper of a dry goods merchant may not, in case of the appearance in the merchant's store of the personal enemy of the former, draw a revolver, shoot, and seriously wound his enemy, and thereby render the merchant liable for the assault by the simple statement of a conclusion of the injured person that the bookkeeper was acting in the course of his employment and within the scope of his authority,

without a statement of any facts as a basis of such conclusion. We can perceive no difference in principle between such case and the one at bar.

In support of the declaration the case of Illinois Steel Co. v. Novak, 184 Ill. 501, is cited. The declaration in that case is very like the one at bar, but the master alone was sued, the allegation being "that a certain servant of the said defendant, engaged upon his master's business and acting in the scope of his authority as such servant, and with force and arms, etc.," committed an assault upon the plaintiff. The court say : " This declaration stated a good cause of action in trespass, for the assault and battery committed by a servant." It appears from the report that the defendant pleaded, the cause was heard by a jury, and that the proof, though conflicting, tended to show that the plaintiff was on the defendant's premises without right; that defendant's servant, acting under its orders to eject him from the premises, laid hold upon him, and in the struggle which ensued struck him with a club, knocked him down and beat him, inflicting severe injuries upon him. This evidence tended to establish the liability of the defendant without reference to the sufficiency of the pleading, and the court expressly say that the parties in their instructions asked the court to instruct with reference to the evidence, that no complaint was made as to the law given the jury governing the liability of the master for an assault committed by the servant, and that "whether the duties of such servant and the circumstances of the assault were such as to make the appellant company liable * * * were questions of fact and not open to review in this court." The only questions presented to the court seem to have related to the instructions, and whether, under the general issue, the defendant could show that the assault was justifiable, and it does not appear that the question here presented was raised. It was not presented to the Appellate Court, as appears from an examination of the briefs in that case, and it seems to us it was only necessary to a decision of the case, the parties having appeared and pleaded to the declaration after a trial and verdict, to

hold that the declaration showed a cause of action, though defectively stated.    It is well settled that in the case of a declaration which states a cause of action defectively, as distinguished from stating a defective cause of action, after a trial and verdict, it will be presumed, in its support, that facts sufficient to support the action so defectively stated, were proven.    Cribben v. Callaghan, 156 Ill. 552; Ill. C. R. R. Co. v. Treat, 179 Ill. 576; Ry. Co. v. Keck, 185 Ill. 400.

But this rule can not apply where, as here, there has been no trial and consequently no proof of liability—only an assessment of damages.

We therefore hold that the Novak case is not controlling; that the declaration here, if it does not state a defective cause of action as to John Thomas, at least states a cause of action defectively as to him, and since there was no trial, and consequently no proof of facts as to his liability, the declaration can not be cured by a mere assessment of damages.

The judgment is reversed and the cause remanded for the error in proceeding without defaulting Frank Thomas, and because the declaration as to John Thomas, in the absence of a trial as to and proof of his liability, is insufficient to support the judgment.    Reversed and remanded.