### Charles A. Moreland v. Josephine Bebber.

1. PRACTICE—*What is a Waiver of a Plea.*—The voluntary going to trial with a plea unanswered is a waiver of such answer.

2. SAME—*Where a Plea is Not Waived.*—When a defendant does not appear, nor does any one appear for him at the trial, it is error to proceed with a plea unanswered.

Moreland v. Bebber.

Assumpsit, on a promissory note.    Error to the Circuit Court of Cook County; the Hon. ROBERT W. HILSCHER, Judge presiding.    Heard in the Branch Appellate Court at the March term, 1901.    Reversed and remanded.    Opinion filed July 2, 1902.

**Statement.**—This was an action of assumpsit brought by the defendant in error against the plaintiff in error the 2d day of July, 1900, the declaration containing a count on a promissory note, with the common counts.

The promissory note upon which suit was brought is dated the 1st day of June, 1894, for $1,000, signed by Charles A. Moreland, payable to his own order and by him indorsed in blank.

The 22d day of August, 1900, plaintiff in error filed a plea of the general issue and also a plea of payment, together with an affidavit of merits sworn to by William W. Fuller, one of his attorneys.

The 20th day of November, the defendant in error filed a similiter to the first plea of the plaintiff in error and a replication to the second plea.

The 21st day of November, an affidavit was filed by the plaintiff below stating that the trial of the cause would not occupy more than one hour's time.

The same day a copy of this affidavit was served upon the attorneys for the plaintiff in error, notifying them that on the 21st day of November, such affidavit was filed in said suit, and that the clerk of the court would place the cause upon the short cause calendar for trial as by statute provided.

December 12, 1900, plaintiff in error, upon leave had, filed four additional special pleas.    January 7, 1901, in pursuance of the aforesaid notice the case was called for trial and submitted to a jury, with the result that there was rendered a verdict and judgment for the plaintiff below of $1,080.78.

To reverse this judgment the defendant below prosecutes the writ of error issued in this case.

EUGENE CLIFFORD and WILLIAM W. FULLER, attorneys for plaintiff in error.

WILLIAM E. O'NEILL, attorney for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It has long been the rule in this state that voluntarily going to trial with a plea unanswered is a waiver of such plea. Brazzle v. Hawkins & Usher, Breese, 35; Ross v. Reddick, 1 Scam. 73; Armstrong v. Mock, 17 Ill. 166; Spencer v. Langdon, 21 Ill. 192; Strohm v. Hayes, 70 Ill. 41; St. L., A. & T. H. Ry. Co. v. Brown, 34 Ill. App. 555; Kaestner v. First National Bank, 170 Ill. 322.

Had the defendant below appeared, and without calling attention to the additional unanswered pleas or objection, gone to trial, his so doing might, after verdict, have been treated as a waiver of the pleas. It does not appear that he did this, and his denial of his presence at the trial is not controverted.

The record reads:

" This cause being called for trial, comes the plaintiff by her attorney, and issues being joined, it is ordered that a jury come."

No issue was in any manner made up upon the four special pleas last filed by the defendant below. As neither the defendant nor any one for him appeared at the trial there was no waiver of the right to have these pleas answered. In effect the defendant has been, by the trial in his absence, deprived of an opportunity to present the defense set forth in these pleas. Going to trial under such circumstance was error. Seavey v. Rogers, 69 Ill. 534–536; Blake v. Miller, 118 Ill. 500, 501, 502; Steelman v. Watson, 5 Gil. 250, 251; Paul v. People, 82 Ill. 82; Sammis v. Clark, 17 Ill. 398; Moore v. Little, 11 Ill. 549; Chapman v. Wright, 20 Ill. 120, 126; Thomas v. McGuinness, 94 Ill. App. 248.

The judgment of the Circuit Court is reversed and the cause remanded.