## Erik Nordstrom v. City of Chicago.
### Gen. No. 11,606.

1. RE-INSTATEMENT—*when discretion in refusing, not abused.* Where an action was dismissed for want of prosecution upon the regular call of the court's docket, a refusal to re-instate is not improper where the declaration in the cause did not set up a cause of action,

Action on the case for personal injuries. Error to the Circuit. Court of Cook County; the Hon. ABNER SMITH, Judge, presiding.. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed April 5, 1905.

ERIK NORDSTROM, plaintiff in error, *per se.*

MICHAEL F. SULLIVAN and FRANK J. CARR, for defendant in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

**Per curiam.** This is a writ of error prosecuted to reverse an order dismissing for want of prosecution a suit brought by plaintiff in error. The cause of action as stated in the declaration apparently is that the city's representatives "agreed to settle" a suit brought by plaintiff for $25,000, and that relying on such promises, plaintiff "took no further pains with his said suit and allowed it to be dismissed;" yet the city has not paid the amount so agreed upon, to wit, $25,000. The declaration was demurred to. The suit was dismissed on the regular call of the trial calendar. Plaintiff moved to reinstate and filed an affidavit in which he states that when the suit at bar was called for trial he, by reason of his attorney's negligence, was not aware that it was on the

30

trial call that day. The motion to reinstate was denied. No formal exceptions to the action of the trial court are preserved. Plaintiff appears as his own attorney.

It is evident the declaration stated no sufficient legal cause of action. The suit was dismissed at plaintiff's costs upon regular call, and it was discretionary with the trial court whether to reinstate or not. Upon the case as stated in the declaration there was certainly no abuse of such discretion in denying plaintiff's motion. No exceptions having been preserved no question is presented which this court can consider. Lanyon v. Michigan Buggy Co., 94 Ill. App. 248. The judgment must be affirmed.

*Affirmed.*