## Herbert B. Dickinson et al. v. Charles W. Simms.

### Gen. No. 4,628.

1. JUDGMENT—*when rendition of, error.* It is error to render final judgment without an issue and without a default.

2. JUDGMENT—*for purposes of reversal is a unit.* A judgment in an action at law against two defendants is an entirety and cannot be affirmed as to one defendant and reversed as to the other.

3. ASSESSMENT OF DAMAGES—*when making of, error.* It is error to assess damages without an issue or without a default.

4. BILL OF EXCEPTIONS—*when cost of incorporating and printing will be taxed against successful appellant.* Where a bill of exceptions is unnecessary to the presentation of the questions involved, the cost of the incorporation of the bill of exceptions in the transcript, as well as the cost of printing the abstract thereof, will be taxed against the successful appellant.

Action of assumpsit. Error to the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed July 17, 1906.

ARTHUR KEITHLEY, for plaintiffs in error.

JOSEPH A. WEIL, ISAAC J. LEVINSON and IRWIN L. FULLER, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in the Circuit Court of Peoria county by Charles W. Simms, defendant in error, against Herbert B. Dickinson and Rosa L. Thompson, charging them as partners under the name of The Home Savings and Investment Company.

There was a special count and the common counts. Dickinson did not appear and defend, and no order of default was taken against him. Mrs. Thompson filed the general issue, a sworn plea denying joint liability with Dickinson, and a plea denying her ability to contract a partnership in the language of section six of the act concerning married women. The pleadings

and contract upon which the money was paid are the same as in the case of Thompson v. Hoppert, 120 Ill. App. 588. There was a trial by jury, and on the trial counsel for plaintiff Simms announced that he would rely solely upon the common counts and limit his recovery to the amount of money paid upon the contract, on the theory that the contract had been rescinded. The verdict was for Simms for $159.30 against both defendants, followed by a judgment. Dickinson sued out a writ of error, and Mrs. Thompson came into this court and asked to be made a co-plaintiff in error, and was granted leave, and joined in assigning error. Both plaintiffs in error assign the same error. The error assigned questions the right of a court of record to render a judgment against a defendant without first defaulting him. In this case the defendant, Mrs. Thompson, had plead; the defendant Dickinson had not plead, and was not defaulted.

There is no rule of practice better or more firmly settled than that it is error to assess damages or render final judgment without an issue or without a default. Crabtree v. Green, 36 Ill. 278; Lehr v. Vandeveer, 48 Ill. App. 511; Piercy v. The People, 10 Ill. App. 218.

The judgment against Dickinson, being under the rule of these authorities unauthorized and void, must be set aside. A plaintiff having failed to ask for a default against a defendant cannot excuse the error by saying afterwards that there was an implied default; that would lead to abuses in trial courts.

A judgment against two defendants is an entirety. It must stand or fall as to both. It cannot be affirmed as to one and reversed as to another. Black on Judgments, sec. 211; Williams v. Chalfant, 82 Ill. 218; Chalfant v. Dunne, 129 Ill. 248; Jansen v. Varnum, 89 Ill. 100; Martin v. Leslie, 93 Ill. App. 44; Swenson v. Erickson, 90 Ill. App. 358. This rule is so inflexible in

actions on contract that a party may reverse a judgment in his own favor. Kingsland v. Koeppe, 137 Ill. 344.

The question raised by the assignment of error being raised solely upon the record, it was unnecessary and improper to incorporate into the record the bill of exceptions presented by Mrs. Thompson. The costs of incorporating the bill of exceptions in the record and printing the same in the abstract are taxed to plaintiff in error.

The judgment against Dickinson being erroneous, it cannot stand against Mrs. Thompson. The judgment, therefore, will be reversed and the cause remanded.

*Reversed and remanded.*