### H. W. Leydig, Defendant in Error, v. Frank C. Patten et al., Plaintiffs in Error.

### Gen. No. 5248.

Judgments—*effect of failure to enter default.* It is error to render a judgment against all defendants in an action in which one defendant though served has not pleaded or been defaulted.

Assumpsit. Error to the Circuit Court of Lee county; the Hon. Oscar E. Heard, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

Faissler & Fulton, for plaintiff in error, Frederick B. Townsend; Harry S. Dixon, of counsel.

Brooks & Brooks, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court.

H. W. Leydig brought suit against Frank C. Patten and Frederick B. Townsend to recover commissions. The declaration consists of the common counts with

a bill of particulars attached. The plaintiff claims $2,000 for selling 2,000 acres of land near Brainard, Minn.; $1,000 for making a sale of the Polo Electric Light Plant and $1,900 for making a trade of some bank stock of the Defiance City Bank of Defiance, Ohio, for four farms in Illinois. Both defendants were served with summons. Patten did not appear and was not defaulted. Townsend filed the general issue and on a trial before a jury a verdict was returned for $1,650 against both defendants on which judgment was rendered. Townsend sued out a writ of error in the name of both defendants; subsequently there was an order of severance and Patten was brought in by *scire facias*. Townsend alone assigned error.

The evidence shows that Leydig is a real estate agent at Dixon, Illinois; that Patten was formerly a manufacturer at Sycamore, Illinois, but at the time of this trial was a real estate agent in Chicago, and that Townsend is a banker in Sycamore. In 1907, Patten held $50,000 par value of stock in the Defiance City Bank, and Leydig had the agency for the sale of some farms in Ogle county. A trade was made of the farms for the Bank stock. Townsend had no connection with the trade of the bank stock for the farms although the title to the farms afterwards was in Townsend as security for advances. There is no proof showing Townsend to have been in any way connected with the trade of the bank stock for the farms.

The evidence shows that the owner of the electric light plant at Polo told Leydig that he desired to exchange it for farm lands in Minnesota, Dakota, or a farm in Illinois. Townsend had the title to the Brainard land in which Patten had some interest. Leydig testified that he told Patten his commission for making an exchange of the Dakota land would be $2,000 and that he talked with Townsend over the telephone about it and that Townsend said he would agree to anything Patten did. Townsend denied ever having had any such conversation over the telephone. Leydig also testified that William Fraser assisted in the deal

and it was admitted that Fraser and Robert Brand would testify that Leydig was not engaged by Townsend as his agent and that Townsend did not know that Leydig was interested in it. It was also admitted that Fraser would testify that Leydig was paid a commission of $350 by Patten in full for his services in the matter and that Leydig told him that "we called it even." Elmer Miller also testified that Leydig, in reply to the question, "Did you get square with Patten on the Brainard farm deal?" told him "he got $350 out of him and we called it even." The very clear preponderance of the evidence is that Leydig has no just claim against Townsend, and that he was acting for the owner of the electric light plant that was exchanged for the Brainard land and for the owners of the farms that were exchanged for the bank stock. The motion for a new trial should have been allowed.

No default was entered against Patten although he was served with summons and did not plead. It was error to render a judgment without an entry of default or a plea. Crabtree v. Green, 36 Ill. 278; Lehr v. Vandeveer, 48 Ill. App. 511; Thomas v. McGuinness, 94 Ill. App. 248; Dickinson v. Simms, 128 Ill. App. 18. The judgment is an entirety, and cannot be affirmed as to one defendant and reversed as to another. Dickinson v. Simms, *supra,* and cases cited. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*