(No. 13851.—Judgment affirmed.)

CHARLES E. PRATT, Appellant, vs. BAYARD R. HAWLEY
et al. Appellees.

*Opinion filed April 21, 1921.*

1. CONSTITUTIONAL LAW—*full faith and credit provision of Federal constitution does not apply to void judgment.* The requirement of the Federal constitution that full faith and credit shall be given the proceedings in courts of other States does not apply where it appears that the court had no jurisdiction of the subject matter or the person or that the proceeding was under a law in violation of the Federal constitution, as the judgment in such case is a nullity.

2. WILLS—*constitutional provision for full faith and credit to judicial proceedings applies to probate courts.* The constitutional provision for giving full faith and credit to judicial proceedings in other States includes proceedings in probate courts, and requires that such proceedings be given such faith and credit as they have by law and usage in the courts of the State where the proceedings are had.

3. SAME—*effect of making probate of will a proceeding inter partes.* In Illinois a proceeding to admit a will to probate has been made an *inter partes* proceeding by the statutory provision requiring notice to all persons interested, but as property rights are not adjudicated in a probate proceeding, the requirement of notice, although jurisdictional, is not imposed for the purpose of protecting property rights.

4. SAME—*probate of will does not affect right to contest—burden of proof.* A proceeding to probate a will in Illinois is not a strictly adversary proceeding, as interested parties, although notified and appearing, have no right to introduce evidence to defeat the will but must resort to a bill in chancery, and the proponents of the will, notwithstanding the probate, still have the burden of proving its execution and validity.

5. SAME—*descent and distribution of property are controlled by statute.* The right to take as an heir is statutory, and the rules regulating the right of succession to intestate property are within the control of each State, which may make laws authorizing such succession either by will or by descent and distribution.

6. SAME—*Uniform Foreign Probate act is not unconstitutional.* An heir or devisee is not entitled to notice of a proceeding to probate a will in the absence of a statute requiring it, and the Uniform

Foreign Probate act (Laws of 1917, p. 800,) is not unconstitutional in requiring a State to give full faith and credit to a judgment of a foreign State admitting a will to probate in accordance with its laws limiting notice to residents of such State, even though the State called upon to accept such judgment requires notice to all parties interested when a will is probated within its own jurisdiction.

7. SAME—*when an heir residing in Illinois is bound by foreign judgment of probate.* A judgment of probate by a court of another State entered in accordance with its laws limiting notice to next of kin residing within such State is binding upon an heir residing in Illinois who received no notice, and when a duly authenticated copy of such judgment is filed with a petition to probate the will in Illinois he is not entitled to resist such probate upon the ground that he had no notice of the original proceeding, but his right to contest the will is not affected by its admission to probate.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

BRADLEY, WILLIAMS, KEARNS & FARRELL, for appellant.

BEVAN & BEVAN, for appellee Emerson E. Clark.

J. E. BOWMAN, for other appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Anna E. Yeazell, a resident of Clark county, Ohio, died on April 22, 1920, owner of property in Ohio and a farm of 820 acres, with personal property thereon worth $2400, in Logan county, in this State. On May 4, 1920, her last will and testament, consisting of an original will and two codicils, was admitted to probate in the probate court of Clark county. On June 21, 1920, Emerson E. Clark, in his own right and as executor of the will, filed in the county court of Logan county a copy of the will and codicils, duly authenticated, and the order of the probate court of Clark county, Ohio, admitting the same to probate, together with a petition for the probate of the will in the county court

of Logan county. Notices were given in accordance with the statute of this State for a hearing upon the petition, and upon such hearing the will was admitted to probate. The appellant, Charles E. Pratt, who was an heir-at-law of the testatrix and a devisee under the original will, whose devise had been taken away by the first codicil, appealed to the circuit court, and after a trial in that court the will was again admitted to probate and the present appeal was taken to this court.

The will was admitted to probate by virtue of the act entitled "An act providing for the probate in this State of probated foreign wills and to make uniform in that regard the laws of the States enacting the same," (Laws of 1917, p. 800,) which gives to the judgment of the court of another State admitting a will to probate the same force and effect as the original probate of a domestic will. Section 10,507 of the general code of Ohio is as follows: "No will shall be admitted to probate without notice to the widow or husband or next of kin of the testator, if any, resident in the State, in such manner and for such time as the probate court directs or approves." Anna E. Yeazell left no descendant, husband, parent, brother or sister, and by the statute of Ohio relating to descent and distribution of estates the children of brothers and sisters, if any, inherit. The appellant is the son of a sister of the testatrix and he lived in Chicago, in this State, and received no notice of the application for probate in Ohio, although it was known he resided in Chicago and had lived there for several years.

The errors assigned are (1) that the Illinois Uniform Foreign Probate act is unconstitutional so far as it attempts to make a judicial proceeding in a foreign State conclusive upon a person who is not a party to it; (2) that the probate court of Clark county, Ohio, had no jurisdiction of the appellant to admit the will to probate, and therefore the judgment of that court was void and not entitled to faith

or credit; (3) that section 10,507 of the general code of
the State of Ohio is unconstitutional and void because in
contravention of section 2 of article 4 of the constitution
of the United States, which guarantees to the citizens of
each State all privileges and immunities of citizens in the
several States, and also of section 1 of the fourteenth
amendment, which prohibits any State from making or
enforcing any law which shall abridge the privileges or im-
munities of citizens of the United States, and provides that
no State shall deprive any person of property without due
process of law. The argument as to each of these alleged
errors is based on the fact that section 10,507 provides for
notice only to the widow or husband and next of kin resi-
dent in that State.

The appellant offered in evidence sections 10,520 and
10,521 of the Ohio code as having some relation to the
question involved. Section 10,520 provides that when a
will claimed to have been executed by a person domiciled
in that State is presented for probate, persons interested
in its probate may contest the jurisdiction of the court to
entertain the application, and section 10,521 provides that
when such contest is made, parties shall have the right to
call witnesses and be heard upon the question it involves,
and the decision of the court as to its jurisdiction may be
reviewed on error.

That the full faith and credit provision of the Federal
constitution includes proceedings in probate courts has been
recognized in this court, (*Spencer* v. *Langdon,* 21 Ill. 192;
*Atwood* v. *Buck,* 113 id. 268;) and that provision requires
that the judicial proceedings in the probate court of Ohio
shall be given such faith and credit as they have by law
and usage in the courts of that State. (*Tilt* v. *Kelsey,* 207
U. S. 43.) While that is the requirement of the Federal
constitution, if it shall appear that the probate court of
Clark county had no jurisdiction of the subject matter or
the person, or that the proceeding for the probate of the

will was under a law in violation of the Federal constitution, the record is a nullity and not entitled to any credit. (*Field* v. *Field,* 215 Ill. 496; *Forsyth* v. *Barnes,* 228 id. 326; *Flexner* v. *Farson,* 268 id. 435; *Pembleton* v. *Illinois Commercial Men's Ass'n,* 289 id. 99; *Simmons* v. *Saul,* 138 U. S. 439; *National Exchange Bank* v. *Wiley,* 195 id. 257.) If the judgment of the probate court of Clark county offended against the provision for due process of law the judgment was void. (*Booz* v. *Texas and Pacific Railway Co.* 250 Ill. 376.) Whether it is so or not depends on the nature of the proceeding and whether the judgment in Ohio deprived the appellant of any property right or affected any substantial right which he had.

A proceeding to admit a will to probate for the purpose of administering the estate of a decedent is in the nature of a proceeding *in rem,* (*Goodrich* v. *Ferris,* 214 U. S. 71,) and in this State and Ohio, previous to any statute requiring notice to parties in interest, it was strictly *ex parte.* (*Claussenius* v. *Claussenius,* 179 Ill. 545; *Hunter's will,* 6 Ohio, 499.) In this State the nature of the proceeding has been changed by statute so as to require notice to all persons interested, (Laws of 1897, p. 304,) and this statute makes the proceeding *inter partes.* (*Schofield* v. *Thomas,* 231 Ill. 114; *Hitchcock* v. *Green,* 235 id. 298.) The statute of Ohio also makes the proceeding *inter partes* as to residents of that State. Neither the fact that the probate is in the nature of a proceeding *in rem* nor that it is *inter partes* determines the question whether notice is required under the Federal constitution. There are proceedings *in rem,* such as attachment of property, where property rights are affected and adjudicated and notice must be given to a non-resident of the State. On the other hand, notice need not be given merely because a proceeding is *inter partes* if property rights are not adjudicated. Prior to the enactment of our statute requiring notice the original proceeding in the county court was a proceeding *in rem* but

on appeal to the circuit court it was held to be a proceeding *inter partes,* and that persons not appearing need not be summoned or otherwise notified of the re-trial in the circuit court, but would nevertheless be parties and might appear and array themselves on either side of the contest and offer evidence. (*Matter of Storey,* 120 Ill. 244.) The reason a proceeding to probate a will in this State is without jurisdiction if notice is not given is only because the statute has made notice a prerequisite to the exercise of the jurisdiction. The statute does not make the proceeding a strictly adversary proceeding in which rights are adjudicated, for the reason that interested parties, although notified and appearing, have no right to introduce evidence. No issue is made between those who assert and those who deny the validity of the will, and the purpose of the proceeding is merely to admit the instrument to probate and record as a will, leaving anyone who questions its validity to contest it. Parties do not have the privilege of trying the same question twice, first on the probate of the will and again on a bill in chancery, but a contestant must resort to his bill in chancery. (*Mayer* v. *Schrenkler,* 286 Ill. 324.) The same view was taken of the Ohio statute by the Supreme Court of that State. (*Missionary Society* v. *Ely,* 56 Ohio St. 405.) The appellant may file his bill to contest the will, (*Dibble* v. *Winter,* 247 Ill. 243,) and if he should file a bill the probate would not have the slightest effect but the burden of proof would be on the proponents of the will to prove its execution and validity. *Rigg* v. *Wilton,* 13 Ill. 15; *Slingloff* v. *Bruner,* 174 id. 561; *Donovan* v. *St. Joseph's Home,* 295 id. 125.

The appellant would have been an heir of the testatrix if no will had been made, because the statute would have given him that right; but the right to take as an heir is statutory, and the rules regulating the right of succession to intestate property are within the control of the State, which may make laws authorizing such succession either

by will or by statute regulating descent and distribution. (*Kochersperger* v. *Drake,* 167 Ill. 122.) The appellant had no vested right as an heir but had an interest as an heir adverse to the probate of the will. He also had an interest because he was a devisee in the original will and the devise was taken from him by the first codicil, so that he was interested in establishing the original will and defeating the codicil. (*Mosser* v. *Flake,* 258 Ill. 233.) But so long as the judgment of the Ohio court neither destroyed nor affected any right which the appellant had, the Federal constitution did not secure to him any right to notice of the application for probate and there was no violation of the provision guaranteeing due process of law. Inasmuch as no notice was required to anyone, the legislature of Ohio might provide for the probate of a will without notice or upon notice to particular classes of persons, whether within or without the State, and it was not a discrimination against the citizens of other States to provide for notice only to persons residing in the State.

The Uniform Foreign Probate act is not unconstitutional because it gives to the judgment of the court of another State admitting the will to probate the same force and effect as the original probate of a domestic will, since such original probate does not affect or destroy any right adverse to the will. The probate court of Clark county had jurisdiction to admit the will to probate, and the statute of that State does not abridge the privileges or immunities of citizens of other States or deprive any person of property without due process of law.

The judgment is affirmed.          *Judgment affirmed.*