EMILY CHAPMAN, Appellant, *v.* TIMOTHY WRIGHT, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

In cases of forfeiture of a lease for non-payment of rent, there must be a demand at the time fixed, or the forfeiture will not accrue.

A party proceeding for a penalty must show that he is entitled to recover, by a strict compliance, on his part, with all the requirements of law.

It is error to try a cause in which a demurrer remains undisposed of.

In an action of debt the judgment should not be in damages.

THIS was an action of debt commenced by the appellee against the appellant.

Debt demanded, $176.30. Ad damnum, $200.

The declaration contained six counts. The first was a special count upon a lease therein named, for rent alleged to be due by defendant below to plaintiff below, and also for the double value of the premises in said lease named, from 1st day of September, A. D. 1855, to date of suit, and sets forth the execution of the lease on the 6th day of July, A. D. 1854, by the parties to this suit, whereby the plaintiff below leased to the defendant below, lot " C," in Wright's subdivision of lots five and six, in block ninety-three, School Section Addition to Chicago, the defendant agreeing to pay a yearly rent of $50, and all taxes and assessments against said premises during the existence of the lease. This count further states that the defendant below was seized and possessed of said premises until the 1st day of September, A. D. 1855, when $59 of the rent aforesaid became due and payable, and was still unpaid ; that on the 1st day of September, 1855, the plaintiff below re-entered and took possession of said premises, and brought his action of unlawful detainer on the 10th day of September, 1855, against the defendant below, before J. A. Hoisington, a justice of the peace, within and for said county of Cook, and recovered judgment before said justice, Oct. 6th, 1855 ; that the yearly value of said premises was $75, and concluded with demanding $177.86.

The second count is for $155.34, rent on said premises from July 6th, 1854, to the termination of the lease.

The third count is for $59.44, as rent from July 6th, 1854, to August 1st, 1855.

The fourth count is a common count, as follows : " And whereas, also, the said defendant afterwards, to wit, on the first day of May, A. D. 1856, at the county aforesaid, was indebted to the said plaintiff in the sum of $200, for money then and there paid by the said plaintiff, to and for the use of the said defendant, at her request."

The fifth and sixth counts are similarly framed with the fourth count, and are for money had and received, and amount due on account stated.

The declaration concludes as follows: "Yet the defendant hath not paid the same or any part thereof, to the plaintiff's damage of $200, etc."

To the declaration was annexed a bill of particulars.

The defendant below pleaded non assumpsit, and subsequently a plea in abatement to the first, fourth, fifth and last counts of the declaration, setting forth that the action of unlawful detainer mentioned in the declaration, was still pending and undetermined, on appeal from the judgment rendered by the justice, in the Cook County Court of Common Pleas. The plaintiff below filed his replication to the plea in abatement, to the effect that said action of unlawful detainer ought not to be pending, and ought to be dismissed, because the appeal had not been entered in the Cook County Court of Common Pleas within the time required by law.

To this replication the defendant below filed a demurrer.

The cause came on for trial on the 5th day of June, A. D. 1857, and was submitted to the court without the intervention of a jury.

The plaintiff below introduced in evidence the lease referred to in his declaration, which corresponded to the allegations therein, and also offered in evidence an order of the Common Council of Chicago for the construction of certain sidewalks, and among others for a walk along the premises in question, and called H. Kreisman, who testified that he was city clerk of Chicago, and that that order was the original one on file in his office.

The proper publication of the order was admitted.

*D. S. Hawley* then testified, on behalf of the plaintiff, that that he was deputy street commissioner for the town of South Chicago in 1855; that the sidewalks in question were built partly by the property owners, partly by the tenants, and partly by the city; that the cost of building said sidewalks was $1 per foot, and that the other expenses made the cost $1.10 per foot.

*L. S. Bond,* a witness for plaintiff, testified that the plaintiff divided the expenses for building the sidewalk in question equally upon four lots, one of which was occupied by the defendant; that he had presented a bill, in words and figures following, to wit:

9

Chapman *v.* Wright.

Mrs. Emily Chapman,

To Timothy Wright,    Dr.

| | | | |
|---|---|---|---|
| 1855, May 1, | To rent on lease of lot " C," of 5 and 6, in block 99, as per account rendered........ ....................... | $121 | 00 |
| | Interest ........................................... | | 44 |
| | | $121 | 44 |
| May 22, | By cash paid on account rendered ..................... | 75 | 00 |
| | | $46 | 44 |
| 1855, Aug. 1, | To interest ........................................ | | 51 |
| "      " | To one quarter's rent........................ ...... | 12 | 50 |
| "      " 30, | To building sidewalk (assessment,).................. | 26 | 75 |

to one Atkins, who acknowledged the same to be correct; that Atkins was at that time agent of the defendant; that Atkins paid the plaintiff $75 on this bill, and that nothing had been paid on the lease introduced in evidence; that there was a former lease of the premises in question from the plaintiff to some other person than the defendant, but to whom the witness did not know, and that part of the plaintiff's claim was for rent due on that lease; that the plaintiff had told him (the witness) that he (the plaintiff) had destroyed that lease.

On cross-examination the witness testified, that he knew nothing personally of the payment of the $75, and had never had any dealings with Atkins except in relation to this matter.

The plaintiff then offered in evidence certain papers of a suit of unlawful detainer between the parties to this suit, before a justice of the peace for the county of Cook, to the introduction of which the defendant objected, but the court overruled the objection, and the defendant duly excepted.

The papers were then introduced in evidence and were a transcript of the record of the justice in said suit, and the appeal bond filed by the defendant therein, from which it appeared that judgment was rendered against the defendant by said justice, and that the defendant had appealed therefrom. It also appeared that said suit was still pending, and undetermined, in the Cook County Court of Common Pleas.

The plaintiff below here rested his case, and the defendant put in evidence a check signed by the defendant, and payable to T. Wright or bearer, for $75, and indorsed by the defendant and " Cowper & Co."

The defendant here rested her case.

The plaintiff then offered to introduce further testimony, to which the defendant objected, but the court overruled the objection, and the defendant excepted.

The plaintiff then introduced a notice from the plaintiff to the defendant, declaring the term for which the lease was granted forfeited, and demanding possession of the same, and called A. S. Seaton, who testified that he served a notice (of which the notice introduced was a copy,) upon the defendant, on the first day of September, A. D. 1855.

The defendant below, by her counsel, then moved that the testimony of the witness, Seaton, be excluded ; the defendant also moved to exclude the testimony of L. S. Bond, in so far as related to the presentation of an account to Atkins ; the defendant also moved to exclude all the testimony introduced on behalf of the plaintiff below, under the common counts in plaintiff's declaration, to sustain plaintiff's claim for double value ; the defendant also moved to exclude all the testimony admitted on behalf of the plaintiff under the common counts of his declaration ; the defendant also moved the court to give judgment for the plaintiff, if at all, only for such amount as was due according to the tenor of the lease introduced in evidence ; but the court overruled the several motions of the defendant, to which several rulings of the court the defendant then and there excepted.

This was all the evidence in the case, and the court found the issue for the plaintiff below, and assessed damages at $129.25, said judgment being in part for double value of said premises, for nine months from September 1st, A. D. 1855.

The defendant below thereupon entered a motion for a new trial, which was overruled, and thereupon took an appeal.

The errors assigned and relied on by the appellant are as follows :

1st. That the court erred in giving judgment in any amount for double value.

2nd. That the court erred in admitting proof of demand and notice, and in admitting any evidence to establish the plaintiff's claim to double value under the common counts of the declaration of the plaintiff below.

3rd. That the court erred in allowing the plaintiff below to introduce evidence after he had rested his case.

4th. That the court erred in giving judgment for any rent due on a prior lease, there being evidence that there was such a lease, but such lease not having been produced, and no proof being introduced of its loss, or if so, of its contents.

5th. That the court erred in admitting the papers of the suit of unlawful detainer pending in this court on an appeal from the justice, as evidence.

6th. That the court erred in giving judgment for the plain-

tiff below, for any part of the sum claimed by him under the common counts of his declaration.

7th. That the court erred in not confining the plaintiff below to his bill of particulars, and in admitting any evidence as to indebtedness on the part of the defendant below, prior to the 'lease filed and declared upon in this cause by such plaintiff below, and referred to by him in his bill of particulars.

8th. That the court erred in giving judgment in any part for any indebtedness on the part of the defendant below prior to the execution of the lease on file in this cause, on the evidence that one Atkins had admitted such indebtedness to exist, there being no proof that said Atkins was the agent of said defendant below, or that such admission of Atkins was in any manner by authority of, or binding upon, said defendant below.

9th. That the court erred in giving judgment in any part for double value of said premises for nine months from the first day of September, A. D. 1855, to the first day of June, A. D. 1856 —the lease introduced in evidence by plaintiff below having expired on the first day of May, A. D. 1856, and this suit having been brought on the 21st day of May of the same year.

10th. That the court erred in giving judgment before the disposition of the demurrer filed by said defendant below to the replication of said plaintiff below to said defendant's special plea.

11th. That the court erred in giving judgment in any part for the assessment claimed by the plaintiff below to be due to him upon the premises occupied by said defendant.

12th. That the court erred in giving judgment in any part for double value, there being no proof what the value of the premises was.

13th. That the court erred in giving judgment for damages alone, the action being in debt.

14th. That the court erred in overruling the motion for a new trial.

15th. That the court erred in entering judgment for the plaintiff below.

And the appellee joins in the above errors.

Dow & Fuller, for Appellant.

Bond & Seaton, for Appellee.

Walker, J. This was an action of debt, commenced by appellee against appellant, in the Cook County Court of Common Pleas. The declaration contains six counts. The first on a lease, for rent due, and double value of the premises from the

1st day of September, 1855, to the 20th May, 1856, when suit was brought; and avers that appellee leased to appellant certain lots, for which appellant agreed to pay the yearly rent of $50, and all taxes and assessments on the same during the continuance of the lease, and contained a clause of forfeiture of the lease on non-payment on the day; that appellant occupied the premises until the 1st day of September, 1855, at which time $59 of rent was due and unpaid; that appellee on that day entered and took possession, and brought his action of unlawful detainer on the 10th day of September, before a justice of the peace, and recovered a judgment on the 6th day of October, 1855; that the yearly value is $75, and concluded with demanding $177.86. The second count was for $155.34, rent on the premises from July 6th, 1854, to the termination of the lease. The third count is for $59.44, as rent from July 6th, 1854, to August 1st, 1855. The remaining counts are the common counts for money paid, for money had and received, and for an account stated. The defendant pleaded non-assumpsit, and subsequently a plea to the 1st, 4th, 5th, and last counts, that the action of unlawful detainer was still pending and undetermined, on appeal from the judgment rendered by the justice of the peace in the Cook County Court of Common Pleas. To this plea, appellee replied that the action of unlawful detainer ought to be dismissed, because the appeal was not entered into in proper time. To this replication appellant filed a demurrer, which remains undisposed of by the court. The parties went to trial, and the cause was heard by the court without the intervention of a jury, by consent. After hearing the evidence, the court rendered a judgment in favor of the appellee, for $129.25, damages; and the cause is brought to this court by appeal.

The first count proceeds for the recovery of double the yearly value, for a holding over after the expiration of the term. The lease contains a clause " that if the said rent, or any part thereof, be not paid on the day of payment, or if default be made by said lessee in any of the conditions of said lease, that then and in that case the said lessor might, at his election, declare said term ended, and re-enter and take possession of said premises."

The doctrine seems to be well settled, that in cases of forfeiture of a lease for non-payment of the rent, there must be a demand, and generally, where a penalty as well as a re-entry is given for the non-performance of a condition, the forfeiture cannot be taken advantage of, without a demand at the time fixed. 1 Wood's Convey. 11; Sterne's Real Act. 27; Hob. 82.

This declaration fails to aver any such demand, and was, for the want of such an averment, insufficient to entitle the appellee to recover for double the yearly value.

The 2nd section of the 60th chap. R. S. 1845, giving the right to recover double the yearly value of the lands held after the expiration of the term, requires that demand shall be made and notice in writing given, for the possession by the landlord or other person entitled to the possession, before such a recovery can be had. This action is, in its nature, highly penal, and in all such cases, the party proceeding for the penalty must, by his pleadings, show that he is entitled to recover. Courts will not extend acts imposing penalties beyond the cases provided for by the legislature, and will require the party to bring himself strictly within its provisions. The statute has imposed, as a condition, that a demand must be made and written notice given for the possession before the penalty can be recovered, and the appellee has failed to show by averment that he has complied with this provision, and the first count of the declaration is, in this respect, fatally defective. And a recovery under it cannot be sustained, as there is no right of recovery of this penalty shown. And this judgment should be arrested for that cause.

It has been repeatedly held by this court, and is the settled law, that it is error to try a cause while a demurrer remains in the record undisposed of in some appropriate manner. *Moore* v. *Little*, 11 Ill. R. 549.

This court has held, uniformly, that it is error, in an original action of debt in the Circuit Court, to render judgment in damages. *Howell* v. *Barrett*, 3 Gil. R. 433 ; *O' Connor* v. *Mullen*, 11 Ill. R. 57. The judgment was, in that respect, erroneous.

For these various errors, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*