JAMES C. STUART

v.

ANN S. HAMILTON.

66   253
134   530

1. LANDLORD AND TENANT—*statute in relation to double rent construed.* The second section of the chapter of the Revised Statutes entitled "Landlord and Tenant," which gives the landlord double rent in case of a wilful holding over by the tenant after the expiration of the term, and after demand and notice, etc., applies only to a wilful holding over after the term has expired by efflux of time, and not to a case of holding over where the term is ended by act of the landlord in declaring a forfeiture. In the latter case the tenant is liable for no more than a fair and reasonable rent for use and occupation for the time he holds over.

2. CONSTRUCTION *of statutes.* In construing statutes courts are required to give to language, when the sense will bear it, the usual and popular meaning attached to the words employed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. GOGGIN & SHAFFNER, for the appellant.

Mr. R. H. FORRESTER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellee, in the Superior Court of Cook county, against appellant. The declaration contained two counts the first, for double rent on the

demised premises for two and a half months. It is averred appellant held over after he had forfeited his lease, and after notice to quit. The second count is for use and occupation. A trial was had by the court without a jury, by consent of the parties, when the court found for, and rendered judgment in favor of plaintiff, at the rate of double the yearly value of the premises.

It is urged that the court below erred in rendering judgment for more than a reasonable rent of the premises for the time that they were held over after notice; that even if it were admitted that the evidence showed that there was a wilful holding over, the second section of the Revised Statutes, entitled "Landlord and Tenant," only applies to a wilful holding over after the lease has expired from the efflux of time; and as appellee terminated the lease for an alleged breach of covenant not to assign, no more than the reasonable rent for use and occupation could be recovered. The act declares that if any tenant, etc., shall wilfully hold over any lands, tenements or hereditaments, after the expiration of the term, and after demand made, and notice in writing given for the possession thereof, such person so holding over shall, for the time such landlord, etc., shall be kept out of possession, pay to the person so kept out, etc., at the rate of double the yearly value of such lands, tenements or hereditaments so detained, to be recovered by action of debt.

In the case of *Chapman* v. *Wright*, 20 Ill. 120, it was held that an action to recover the double value of rent under this section is in the nature of a forfeiture, and is highly penal, and the landlord, to recover, must bring his case clearly within the statute. In none of the cases referred to by counsel do we find that this precise question has been decided. The cases to which we have been referred, and others we have examined, were where the lease had expired according to its terms, and had not been terminated by the landlord, as was done in this case. As no such case seems to have been presented to the courts, it would seem to imply that the profession

had given a construction to the act, that such an action could not be maintained, unless the holding over occurs after the lease has expired by efflux of time.

When the statute is attentively considered, such would seem to be the natural and reasonable import of the language. The term employed is, the "expiration" of the term. The word, according to lexicographers, means " to emit the last breath;" " to perish; to cease;" "to come to an end; to conclude; to terminate." The first of these definitions, in fact all but the last, seems to repel the idea that the term would be ended except by the efflux of time. Had a different meaning been intended, it seems to us that the General Assembly would have used other and more explicit language. They would have said that where the term shall terminate by any means, and the tenant shall hold over, he shall pay double rent; or if not such language, at least something similar. Had such or similar language been used, no doubt would have been left that such a case as this was intended to be embraced within its provisions.

In construing statutes we are required to give to language, when the sense will bear it, the usual and popular meaning attached to the words employed; and the application of this rule, we think, clearly excludes this case from the provisions of the statute. To hold that the landlord may terminate the lease, and bring the term to an end, and then recover, would seem to be a forced construction of the language employed. If interpreted according to their usual and popular meaning, the words seem to exclude the idea that the penalty of double rent would follow a forfeiture of the lease accompanied with a holding over. The courts have held that when the lease had expired according to its terms, the holding over, although intentional, is not within the statute, unless it was knowingly and wilfully wrongful; that where the tenant continued to hold under a reasonable belief that he was doing so rightfully, he does not incur the penalty, and yet the language would embrace such a case as reasonably as if the term had

been ended by the landlord by enforcing a forfeiture of the lease.

We are clearly of the opinion that appellant, on the case made, was not liable to pay double rent, and the court below erred in rendering judgment for more than a fair and reasonable rent for use and occupation for the time, and it must be reversed and the cause remanded.

*Judgment reversed.*