### Chicago, B. & Q. R. R. Co. v. James R. Haselwood.

| 91 | 103 |
| a194s | 69 |

| 91 | 103 |
| a194s | 69 |

| 91 | 103 |
| 107 | 1349 |
| 107 | 1423 |
| 108 | 586 |

1.  JURY—*Duty Where the Evidence is Conflicting.*—Where the evidence in a case is conflicting upon the material issues on trial, it is the province of the jury to reconcile the conflict and give credit where it is due.

2.  INSTRUCTIONS—*Must be Incorporated in the Bill of Exceptions.*— The instructions given or refused in a case and exceptions to them can become a part of the record only, by incorporating them in a bill of exceptions.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

G. EDMUNDS, attorney for appellant.

SCOFIELD & McMAHAN, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court. This was an action on the case for negligence by appel-

lee against appellant. The negligence charged was, in substance, that at a certain highway crossing appellant had negligently permitted weeds to grow upon its right of way at so great a height as to obscure the view of persons approaching the crossing upon the highway; that appellant failed to give signals of the approach of its train to the crossing, and then upon discovery of appellee's perilous situation upon the crossing, negligently, and also willfully sounded the stock alarm whistle and thereby so frightened appellee's team that it turned and ran away, and so he was injured.

The trial by jury resulted in a verdict and judgment against appellant for $1,200, to reverse which this appeal is brought, and various errors are argued by which a reversal of the judgment is sought, among which are, that appellant was not permitted to sufficiently examine the engineer, Williams, as a witness; that the verdict is not supported by the evidence and the court gave improper and refused proper instructions to the jury.

Upon examination we find the questions Williams was not permitted by the court to answer were later in the examination answered under other forms of questions, and in this way appellant had the benefit of his statement of all facts proper to be elicited under the questions to which objections were sustained. In respect to the point that the verdict is not supported by the evidence, we find the latter is conflicting upon the material issues of the negligence of appellant as charged, and of due care by appellee, and had the verdict been otherwise it could be sustained. It was the province of the jury to reconcile the conflicting statements of the witnesses and give credit where credit was due. If the jury believed the witnesses of the appellee, which they doubtless did, it would appear that appellant had been negligent in allowing weeds to the height of eight or nine feet to grow upon its right of way, so that the view of approaching trains was obscured to persons on the highway, and that appellee could not see the train until he was upon the track, and this was his contention, and

also that no signals were given of the approaching train. At all events, appellee saw the train when he was on .the track, and as he contended, the sight of it, or noise of the alarm whistle, frightened the team and it turned, ran away and injured him. ; So we are unwilling to disturb the verdict for the reason it is not supported by the evidence.

The instructions, none of them, are contained in the bill of exceptions, although there are directions that they be so inserted, but they are not, being copied by the clerk in another part of the record with nothing to identify or designate them, or to indicate such as were requested by the appellant and such as were requested by appellee, and no exceptions to any of them are preserved in any manner, except the general reference in the motion for a new trial to errors in giving and refusing instructions, without any specification by which the reference could particularize the instructions intended to be excepted to. Such practice, we think, is unwarranted by all the decisions, and is unavailing to appellant for the purpose of an exception to the instructions given or refused; and the authority, C. & R. I. R. R. Co. v. Coal & Iron Co., 36 Ill. 60, cited by counsel for appellant, does not apply to the point here, for in that case it was only decided that under the general assignment of error the court should have granted a new trial, the giving of improper and the refusing of proper instructions may be urged, for such is a proper ground for granting a new trial, and need not be specifically enumerated, but is embraced in the general assignment of error that the court refused to grant a new trial; but the decision by no means obviates the necessity of an exception appropriately designating in some way the instruction to which it applies, and the point is, we think, made clear by subsequent decisions— Shaw v. The People, 81 Ill., 150 and O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104—where it was said, referring to the former case, that the giving of improper and the refusal of proper instructions might be urged under the general assignment that a new trial should be granted when proper exceptions had been taken to the instructions themselves.

In the condition we find the record in this respect no questions can or do arise for this court to decide relative to the instructions, and we are therefore constrained to decline entering upon the consideration of the questions argued as to the instructions; finding no error, the judgment of the Circuit Court will be affirmed.