## F. A. Yapp v. Albert Weaver.

1. JURY—*Province of, in the Conflict of Evidence.*—In a conflict of evidence it is the province of the jury to determine where the truth is.

Assumpsit, for wages. Error to the Circuit Court of Schuyler County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 8, 1900.

B. O. WILLARD, attorney for plaintiff in error.

GLASS & BOTTENBERG, attorneys for defendant in error.

OPINION PER CURIAM.

Defendant in error sued plaintiff in error before a justice of the peace to recover wages as a farm hand. On appeal to the Circuit Court, a trial by jury resulted in a verdict and judgment against the plaintiff in error for $29.75, to reverse which, this writ of error is prosecuted.

While some complaint is made of the ruling of the court as to the admission of testimony and the giving of instructions, the chief contention is that the verdict of the jury is against the evidence. It is not disputed that Weaver entered the service of Yapp for a stipulated price of $20 per month, that he worked fifty-three days, and that he has only received $11 for his services. There was a conflict as to the employment being for a stipulated time. Weaver testified that it was the agreement that he was to continue in the service of Yapp so long as they could agree, or until

one or the other became dissatisfied, while Yapp testified that Weaver should continue in his service for five months. It was the peculiar province of the jury to decide in the conflict where the truth was, and, although there was some corroboration of Yapp by other testimony, we do not feel warranted in saying that the jury reached an improper conclusion, especially as it received the sanction of the trial court. The opportunities of the jury and the trial court to give proper credit to the testimony of the witnesses were superior to ours.

We are unable to discover any harmful error in the rulings of the trial court upon the admission of testimony or in giving or refusing instructions. Judgment affirmed.