## Charles Hasterlik et al. v. Joseph H. Strong, Adm'r.

1. VERDICT—*When to be Set Aside.*—This court will not set aside a verdict unless it finds the evidence clearly to preponderate in favor of the party against whom the verdict was rendered.

2. BILL OF EXCEPTIONS—*Where it Does Not Contain All the Instructions.*—Where the bill of exceptions does not contain all the instructions given, the court can not consider an alleged error in refusing to give an instruction, as the court may have fully and accurately instructed the jury on that point in other instructions.

**Attachment.**—Appeal from the Superior Court of Cook County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903.

**Statement.**—This was an attachment suit brought by appellants against appellee. There was a verdict in favor of appellants on the assumpsit issue and in favor of appellee on the attachment issue. Prior to August 30, 1892, Louis Applebaum, a son of appellee's decedent, was proprietor of a saloon, and at the last mentioned date was indebted to appellants for liquors in the sum of $356.26. August 30, 1892, the son retired from the saloon business and appellee continued the business. It is admitted that after August 30, 1892, appellants sold to appellee goods amounting to $282.72 and that the payments after August 30, 1892, up to the time of bringing the suit amounted to $262.98. Appellee admitted that he was indebted in the sum of $19.74. Appellants claim, and appellee denies, that appellee assumed and agreed to pay the said indebtedness due from Louis Applebaum to appellants

E. F. ABBOTT and BLUM & BLUM, attorneys for appellants.

E. H. MORRIS, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Appellants appeal from the judgment entered in this case upon the grounds that the court erred in the matter of giving and refusing instructions and that the verdict and judgment are contrary to the evidence and the law.

Counsel for appellants insist that the verdict and judgment should have included the indebtedness originally contracted by the son of appellee's decedent. It is insisted that the proof shows an agreement, August 30, 1892, that the business subsequent to this date should be carried on as before, A. Applebaum taking the place of Louis and assuming his indebtedness. Appellants further claim that the object of this substitution of parties was to "head off" some creditor who threatened trouble for Louis Applebaum. One of the appellants testifies that it was in fact to remain, after August 30th, the business of Louis. The substance of all these statements is unequivocally denied by Louis and A. Applebaum. The jury who saw all these witnesses, except one, and heard them testify, have decided by their verdict that A. Applebaum did not assume and agree to pay the indebtedness of Louis. We are compelled to say that there is much doubt in our minds in regard to the accuracy of the statement that after Louis sold out his business, owing so large an amount of money, that the appellants allowed the purchaser to take the business without any attempt being made on their part to collect the indebtedness of Louis. The record is not very definite on this point. The case was considered in this court—Hasterlik v. Applebaum, 64 Ill. App. 434. However, in view of the opportunity heretofore given appellants to present their case before a jury and their failure to induce a jury to adopt their statement of the case, and further, in view of the sharp conflict in the evidence, we do not feel ourselves justified in disturbing the verdict of the jury. It does not follow, even where this court is of the opinion that it would have attached

Hasterlik v. Strong.

greater weight to some parts of the testimony than the jury have done, that therefore we should reverse their verdict, unless we find the evidence clearly to preponderate in favor of the party against whom the verdict is rendered. Yapp v. Weaver, 92 Ill. App. 473; C., B. & Q. R. R. Co. v. Haselwood, 91 Ill. App. 103.

It is suggested that this court has heretofore passed upon some phases of this case, but the case was remanded for trial.

The most earnest contention of appellants is that the court erred in refusing instructions stating the law as to the application of payments. Two of many objections fatal to these instructions exist. The first instruction refused, assumes the very point in controversy, and tells the jury that in the absence of direction as to how payments shall be credited, that they might be credited to the general account, thereby assuming that the accounts of Louis and A. Applebaum constituted a general account. The same fatality inheres in the second instruction. However, the bill of exceptions does not purport to contain all the instructions given by the court. It follows that the court may have fully and accurately instructed the jury as to how payments should have been credited. We are therefore precluded from considering further the alleged error in refusing instructions. We have examined the instructions given by the court and find no such error in them as will work a reversal of the case. Appellee, in his brief, states the law applicable to crediting payments in substance correctly, but from a careful reading of the record we are satisfied that, if the claim of appellants as to the alleged agreement between them and A. Applebaum, is not correct, then there is no other theory consistent with the evidence upon which appellants could recover an amount greater than the present judgment. The verdict and judgment as to the attachment issue are correct.

The judgment of the Superior Court is affirmed.