## Village of Evergreen Park v. John T. Bailey.

1. WITNESSES—*Credibility of—Weight of Testimony a Question for the Jury.*—The jury are the judges of the credibility of the witnesses and the weight of the testimony, and may consider to what extent witnesses are corroborated or contradicted by other testimony, or by facts or circumstances proved, and may also judge of the probability of testimony.

Village of Evergreen Park v. Bailey.

Assumpsit, for professional services.    Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902.    Affirmed. Opinion filed March 31, 1903.

JESSE A. & HENRY R. BALDWIN, attorneys for appellant.

JONES & LUSK, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

John T. Bailey, appellee, brought suit to recover for professional services as attorney at law, rendered to appellant prior to September 28, 1896.    On the twenty-eighth day of September, 1896, the village board passed the following resolution :

"Be it resolved, that J. T. Bailey be employed as special counsel to the village of Evergreen Park for the remainder of the year, to co-operate with the village attorney. And be it further resolved that the president and clerk are hereby instructed to issue a warrant in payment of his retainer fee when agreed upon."

Employed by virtue of this resolution, Mr. Bailey acted as special counsel, and between September 28th and the close of the year, was paid by the village the sum of $400. The last payment was made December 28th, and the following receipt given :

"Received this 28th day of December, A. D. 1896, the sum of one hundred and 00-100 dollars, which, together with certain other sums by me heretofore received, I hereby acknowledge to be in full payment and satisfaction of all services rendered or to be rendered by me to the village of Evergreen Park, as special counsel of the village of Evergreen Park from the time of my appointment as such to the end of the fiscal year.

(Signed)    JOHN T. BAILEY."

The claim made by Mr. Bailey is, that the $400 covered by the foregoing receipt were paid to him for services rendered after and not before September 28, 1896; whereas, the village insists that said amount of money was intended to be and was in fact payment in full for all services rendered before and subsequent to the twenty-eighth day of Septem-

ber, 1896. The jury found the issues in favor of appellee and assessed the value of his services rendered prior to September 28, 1896, at the sum of $320. Counsel for appellant argue that the verdict rendered is contrary to the evidence, and say that a verdict when resting only upon the testimony of the plaintiff should be set aside where such testimony is contradicted by several witnesses and there are no elements of probability to corroborate it.

As tending to sustain the verdict, is the receipt, which possibly is somewhat ambiguous, and yet the natural construction of the same tends to uphold the contention of appellee. The receipt is for all services rendered, or to be rendered from the time of his appointment as special counsel. It is clear that by the aforesaid resolution he was employed as special counsel on September 28, 1896. But it is claimed by appellant that the services rendered prior to September 28, 1896, were rendered by him as special counsel, inasmuch as the village had retained other counsel for the year, and hence it is insisted that Mr. Bailey could act only as special counsel; and it is further argued that if all he did was done as special counsel, then the receipt is broad enough to include all services at any time rendered. But this argument did not prevail upon the trial and we do not feel ourselves justified in holding that the receipt must be construed, by its terms, as given for all services rendered.

It is, however, insisted by appellant, that at the time Mr. Bailey gave the receipt in question, he stated in the presence of four witnesses and trustees, that the amount then paid was to be considered paid in full for all services rendered. Three of these witnesses testified that Mr. Bailey stated that the receipt would be for all the services rendered by him, but the fourth, Mr. Frankel, testified that Mr. Bailey stated that the receipt was for services in full from the commencement of the work, as he understood it. On the other hand, Bailey denies that he used any language which could be construed to the effect that the receipt was to cover all services ever rendered. To corroborate Bailey's statement, Alexander Richmond testified that he drew a

receipt which Bailey refused to sign, and Richmond says that he, himself, then stated that the receipt in question was not a receipt in full, as far as Mr. Bailey was concerned; and Richmond further testified as follows:

" To the best of my recollection Bailey then stated that the sum paid him would not compensate him for the services rendered prior to September 28th. I told Mr. Bailey that he would have to give a receipt in full. He refused to do that and did not do it. This matter was discussed in the ante-room. The trustees, the president and the clerk, I think, were present."

So it appears that the jury had before them in behalf of appellee, Bailey, the receipt in question and the testimony of the two witnesses, appellee and Alexander Richmond, and in behalf of the village the testimony of the trustees.

The entire matter was submitted to the jury. No complaint is made of the manner in which the case was tried. The witnesses appeared before the jury and court and the weight to be given to the testimony was doubtless carefully considered. The evidence in behalf of the village consisted largely in what are claimed to be verbal admissions, wherein it is insisted Bailey admitted that the receipt should be considered as covering all services by him rendered. Experience teaches the infirmity attaching to such evidence. A witness, in the utmost good faith, may be mistaken in the hearing and understanding of the alleged admissions. It is eminently a case where the unanimous conclusion of twelve men who have had ample opportunity to judge of the faculties, attentiveness, and interest of witnesses, should stand. Yapp v. Weaver, 92 Ill. App. 473; C., B. & Q. R. R. Co. v. Haselwood, 91 Ill. App. 103.

It is conceded that the services declared upon, were rendered prior to September 28, 1896, and it was incumbent upon the village to prove by a preponderance of evidence that appellee had been compensated for these services. The authorities referred to by counsel for appellant hold that the verdict, if plainly against the weight of the evidence, should be set aside, and that there are very few

cases in which the jury should find for the plaintiff upon his unsupported testimony, when that testimony is positively contradicted by the defendant. Peaslee v. Glass, 61 Ill. 94, and other cases cited.

The evidence in the case at bar, as above pointed out, was conflicting, and for that reason we are not at liberty to disturb the verdict. The jury are the judges of the credibility of the witnesses and the weight of the testimony, and may consider to what extent witnesses are corroborated or contradicted by other testimony, or by facts or circumstances proven, and may also judge of the probability or improbability of testimony. Hale Elevator Co. v. Hale, 201 Ill. 131.

The judgment of the Superior Court is affirmed.