### H. W. Standidge v. Samuel A. Lynde.

#### Gen. No. 11,916.

1. EMPLOYEE—*what ground for discharge of.* The discharge of an employee is justified by his disobedience of the orders of his employer.

2. PEREMPTORY INSTRUCTION—*when giving of. harmless error.* Notwithstanding there is evidence tending to support the plaintiff's case, yet the direction of a verdict is harmless error which will not reverse where the entire evidence was of such a character as would have required any verdict rendered in favor of the plaintiff to have been set aside by the court.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH. Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 1, 1905. Rehearing denied May 18, 1905.

CHARLES McGAVIN and H. W. STANDIDGE, for appellant.

BARTON CORNEAU, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

In September, 1898, appellee, a practicing lawyer, hired appellant as a stenographer and law clerk for one year at a salary of $75 per month. In the latter part of May, 1899, appellee discharged appellant. The difference between what appellant was able to earn during the remainder of the term and the wages he contracted for was $112.50, for which sum he brought suit. On the trial at the close of all the evidence the court directed the jury to return a verdict in favor of the defendant. To reverse the judgment entered on that finding appellant perfected this appeal.

It appears that one Saturday forenoon in the latter part of May, 1899, Mr. Lynde was engaged in the preparation of a brief to be filed in the United States Court the following Wednesday, and he was anxious to get the manuscript into the hands of the printer. When he left the office for luncheon Mr. Lynde said in the presence and hearing of Mr. Standidge that he was coming back that afternoon to work on the brief. Mr. Standidge followed Mr. Lynde out into the hall for the purpose of telling him that he, Standidge, had an engagement that afternoon to play baseball at Austin, but was unable to overtake him. Shortly thereafter Mr. Standidge went to luncheon, and returned to the office, when, after waiting a little time for the return of Mr. Lynde, he placed a note on Mr. Lynde's desk in which he expressed the hope that his absence would not inconvenience Mr. Lynde; and then went to the ball game and did not return that afternoon.

Mr. Standidge denies that he was helping Mr. Lynde on that brief in the forenoon; he says the remark of Mr. Lynde that he was coming back to continue work on that brief in the afternoon was addressed to witness Booth and not to plaintiff, and " thinking I might be of some assistance to him I ran to the door to explain that I was going away and to ask him what I could do to help him before I went,

but he was so far down the hall that I didn't have an opportunity to explain;" that Mr. Lynde discharged him the following Tuesday and refused to give any reason for his action.

Mr. Lynde says that during that forenoon he was working on that brief and Mr. Standidge was helping him, taking dictation and writing it out; that when he left the office for luncheon "I told Mr. Standidge I should be back there that afternoon, and that I wanted him there, and that I would continue this work on this brief; Mr. Standidge looked dissatisfied, but said nothing, and I left the office, and when I came back at the usual hour, at two o'clock, I did not find Mr. Standidge there, but instead I found a note on my desk," in which Mr. Standidge stated that he had a very important engagement which prevented him from being there that afternoon, and regretted that he should put Mr. Lynde to any inconvenience, etc.; that witness worked on the brief that afternoon and the next Monday told Mr. Standidge that in view of what had occurred he would have to leave the office at the end of the month.

Sherman Booth, the only person in the office aside from the parties hereto, says that during this Saturday forenoon Mr. Lynde was dictating a brief to Mr. Standidge; that as Mr. Lynde left the office he said, "We will go on with that brief this afternoon;" that as he went out the door Mr. Standidge followed him, and came back shortly; that Mr. Standidge went out for half an hour; that when he came back he wrote a letter on his typewriter and tore it up, and then wrote something which he put in an envelope and placed upon Mr. Lynde's desk; that he then came over to where witness was and said, "Well, I am sorry, but I had to do it; Mr. Lynde knew I wanted to play baseball this afternoon," and then went away; and that witness had not been working on that brief at any time.

If the evidence of Lynde and Booth is to be believed there was ample cause in the conduct of Standidge to justify his discharge. The burden of proof is upon the plaintiff to make out his case, and where his statement of the facts is

Standidge v. Lynde.

met by the sworn denial of the defendant, "both having the same means of information and both unimpeached and testifying to a state of facts equally probable, a conscientious jury can only say that the plaintiff has failed to establish his claim. Without saying that this court would set aside a verdict for the plaintiff, rendered in such cases, on the ground alone that it was not sustained by the evidence, we must set aside one resting only upon the evidence of the plaintiff when that is contradicted not only by the defendant, but also by another witness, and there are no elements of probability to turn the scale." Peaslee v. Glass, 61 Ill. 94. This case, which stands unchallenged, has been followed by the Appellate Court. Kenyon v. Hampton, 70 Ill. App. 80; Lister v. McKee, 79 Ill. App. 211; W. C. St. Ry. Co. v. Lieserowitz, 99 Ill. App. 596; Evergreen Park v. Bailey, 107 Ill. App. 420. The fact that Mr. Standidge followed Mr. Lynde into the hall, that he left a note on the desk of Mr. Lynde regretting that he had to go, and his remark to Mr. Booth that he was sorry, materially weaken his denial that he knew Mr. Lynde expected his aid that afternoon. In other words, if the evidence of Mr. Standidge had been contradicted by that of Mr. Lynde only, the elements of probability were with the latter and against the former.

Had the trial judge submitted the case to the jury, as in strict law he should have done, since there was evidence supporting the material allegations of the declaration (Woodman v. Ill. Tr. & Sgs. Bk., 211 Ill. 578), and the jury had found a verdict for the plaintiff, it would have been his duty, under the cases hereinbefore cited, to set aside that finding. In the nature of things the case of the plaintiff is as strong now as it ever can be made. Three men only were present when the thing occurred which caused his discharge. The case made by the plaintiff is directly contradicted by the defendant and by Booth. If hereafter the plaintiff should recover a verdict, it will have to be set aside either by the trial judge or by this court. Under these conditions the error of the trial judge in directing a

verdict for the defendant is harmless.    We will not set aside
a verdict because a technical error was committed during
the trial, if we are satisfied that substantial justice has been
done.    Leigh v. Hodges, 3 Scam. 15, and cases cited in
note c.; Boynton v. Holmes, 38 Ill. 59; Hewitt v. Jones,
72 Ill. 218; I. & I. S. Ry. Co. v. Wilson, 77 Ill. App. 608;
Nelson v. Richardson, 108 Ill. App. 127.

The judgment of the Circuit Court is affirmed.

*Affirmed.*