Solomon Loeb and Jonas Loeb, Appellees, v. Sigmund Alexander et al., Appellants.

Gen. No. 17,496.

1. LANDLORD AND TENANT—*covenant to pay expense of enforcing lease.* In an action by a lessor against a lessee on a covenant in a lease that the lessee will pay all expenses incurred in enforcing the agreements of the lease, proof being made of a suit brought under R. S., c. 80, § 2, for wilfully holding over, an instruction that said law was as much a provision of the lease as if it were specifically incorporated therein and that a suit brought for double rent is, in law, brought to enforce one of the covenants of the lease, is incorrect.

2. APPEALS AND ERRORS—*when unnecessary to incorporate all instructions in bill of exceptions.* An incorrect instruction given may be reviewed where a bill of exceptions does not purport to contain all the instructions given; it is only necessary to incorporate all the instructions where a review of a refused instruction is desired.

3. APPEALS AND ERRORS—*when motion for new trial is not essential to review.* A motion for a new trial is not necessary to question the propriety of giving an instruction.

Appeal from the Superior Court of Cook county; the HON. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed October 22, 1912.

JAMES MAHER, for appellants.

EDWARD H. MORRIS, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellees were the lessors and appellants the lessees in a lease which contained the following covenant:

"The party of the second part further covenants and agrees to pay and discharge all reasonable costs, attorneys' fees, and expenses that shall be made and incurred by the party of the first part in enforcing the covenants and agreements of this lease."

Appellees brought suit upon said covenant, and the evidence showed that they had brought various suits against appellants to enforce the covenants in the lease to pay rent and to yield possession on the termination of the lease. Proof was also made of a suit brought under sec. 2, chap. 80, R. S., for wilfully holding over after the expiration of the term of the lease.

Among the errors assigned is one to the giving of an instruction at plaintiff's request that said section of the statute was as much a provision of the lease as if it were specifically incorporated therein, and enforcible the same as any other covenant of said lease, and that "a suit brought to recover double rent is in law brought to enforce one of the covenants of the lease."

In support of the instruction, appellees urge that the law writes into every contract provisions of existing statutes that are applicable to the transaction. But upon what theory such section can be applied so as to convert a statutory penalty into a covenant in the lease to pay the same, we are not enlightened. Said section has been referred to in our courts as highly penal in its nature. Chapman v. Wright, 20 Ill. 120; Stuart v. Hamilton, 66 Ill. 253. The proper action for recovery thereunder is debt, and such was the form of action employed by appellees against appellants. It would not be contended, we think, that an action in covenant could have been brought to recover such penalty. There was no express covenant in the lease to pay lessor such penalty and we are unable to see upon

what principle it can be regarded as an implied covenant, which usually arises from language employed in the instrument itself.

The judgment was for $800. The amount claimed for attorneys' fees and expenses in the other cases was only $556.60. The jury, therefore, must have included in their verdict an allowance for attorneys' fees for the suit brought under said section. The instruction in question authorized them so to do. It is not, as appellees claim, a case of raising the point of excessive damages, not saved in the motion for a new trial, but of error in giving said instruction for which alone the case must be reversed and remanded for a new trial, and, therefore, it is unnecessary to consider any other question raised on the appeal.

Appellees, citing Hasterlik v. Strong, 107 Ill. App. 347, contend that as the bill of exceptions does not purport to contain all the instructions given, we are precluded from considering the errors assigned as to those that are preserved. Such point would be good as to refused instructions, but is not tenable as to a given instruction manifestly erroneous, to which exception has been duly saved.

While it is true also that no exception was preserved to the denial of the motion for new trial, no such motion was necessary to question the propriety of giving said instruction. Illinois Cent. R. Co. v. O'Keefe, 154 Ill. 508.

*Reversed and remanded.*