Rudolph Helebrant and Bertha Helebrant, Appellees,
v. Anton Sebesta and Marie Pelikan, Appellants.

### Gen. No. 29,842.

FORCIBLE ENTRY AND DETAINER—*liability of surety on appeal bond in forcible detainer.* The surety upon the appeal bond of a defendant in forcible detainer proceedings, which bond was conditioned upon prosecution of the appeal and payment of all rent due and becoming due before final determination of the suit and all damages and loss sustained by plaintiffs because of the withholding of the premises, did not become liable for the statutory penalty of double the rent due against the defendant for wilfully holding over, as provided for by section 2 of the Landlord and Tenant Act, Cahill's St. ch. 80, ¶ 2.

Appeal by defendants from the Municipal Court of Chicago; the Hon. JOSEPH W. SCHULMAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed and remanded. Opinion filed April 13, 1925.

WALTER TRUC, for appellants; JAMES S. WIGHT, of counsel.

SIMON HERR, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiffs, who are appellees, sued the defendants, and a judgment in the sum of $878.50 was entered in their favor upon the finding of the court.

The cause was heard upon a stipulation of facts filed by the parties, from which it appears that the

defendant Anton Sebesta was in possession of certain premises of which plaintiffs became the owners; that a suit in forcible entry and detainer was commenced against him to recover possession of these premises, which he held under a lease which is in evidence; that plaintiffs recovered a judgment against him in those proceedings for possession of these premises; that he prayed an appeal to the Appellate Court, which was duly perfected by filing his bond with his codefendant, Marie Pelikan, as surety; that pending the appeal he remained in possession of the premises and thereafter dismissed his appeal, plaintiffs having filed no appearance in the Appellate Court.

The stipulation shows that Sebesta paid no rent for the leased premises during a period from September 30, 1922, to April 9, 1923, and that the rent provided in said lease was the sum of $60 a month.

This suit was brought on the appeal bond and the plaintiffs contend that the surety is liable not only for the amount of the rent named in the lease (which presumably was the actual value of the premises) but also for the penalty under the provision of section 2 of the Landlord and Tenant Act (Smith-Hurd's Ill. Rev. St. 1923, ch. 80, p. 1264) [Cahill's St. ch. 80, ¶ 2] which makes a tenant wilfully holding over liable for double the yearly value of the lands and tenements wrongfully so held. Whether the surety is so liable upon an appeal bond is the principal question in the case. The trial court held the surety was so liable and included the penalty in the judgment.

The condition of the bond here sued on is as follows:

"Now, therefore, if said Anton Sebesta shall duly prosecute his said appeal with effect, and moreover pay all rent now due or that may become due before the final determination of this suit, and also all damages and loss which the plaintiffs have sustained or

may sustain by reason of the withholding of the premises in controversy and by reason of any injury done or to be done thereto during said withholding until the restitution of the possession thereof to the plaintiff together with all costs accrued or that may accrue, in case said judgment is affirmed or said appeal dismissed, then the above obligation to be void, otherwise to remain in full force and effect.''

It is, of course, elementary that the obligation of a surety on a bond is strictly construed in favor of the surety (*City of Sterling v. Wolf*, 163 Ill. 467), and applying this rule to the plain words of the condition of the bond, it is difficult to conceive of any theory on which the defendant Pelikan could be liable for this statutory penalty.

The plaintiffs suggest that the surety might be liable under the clause which says, ''and also all damages and loss which the plaintiffs have sustained or may sustain by reason of the withholding of the premises in controversy,'' but we are unable to see how such a construction of this clause can be sustained, for the obvious reason that ''damages'' and ''loss'' refer to actual loss and actual damages, while the provision of section 2 is for a penalty, it having been held that this statute is highly penal in its nature. *Loeb v. Alexander*, 174 Ill. App. 143.

Moreover, we think the precise question has been decided by the Supreme Court of this State in *Alexander v. Loeb*, 230 Ill. 454. That was a suit brought to recover this statutory penalty. There had been a previous suit brought on the appeal bond, and the defendant argued that the matter was *res judicata* by reason of that suit.

The Supreme Court said: ''Under the conditions of the appeal bond, appellees could not have recovered in that case for double rent or for $20 per day liquidated damages.''

It is contended that this statement of the court is only *dictum*, but we cannot so regard it, since the rule

as there stated was necessary to a decision of the case. The views which we have herein expressed make it unnecessary to consider other questions raised in the case. Both on reason and authority we think the court erred in entering judgment against the surety for the amount of the statutory penalty, and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*

McSURELY, P. J., and JOHNSTON, J., concur.