# Illinois Official Reports

## Appellate Court

---

### *Schroeder v. Post*, 2019 IL App (3d) 180040

---

| | |
|---|---|
| Appellate Court Caption | RUTH J. SCHROEDER, Plaintiff-Appellee, v. DOUG POST, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-18-0040 |
| Filed | January 18, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Iroquois County, No. 17-L-12; the Hon. James B. Kinzer, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | John A. Denton, of Godin, Denton & Elliott, P.C., of Momence, for appellant.<br><br>Tony L. Brasel, of Bourbonnais, for appellee. |
| Panel | PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justices Holdridge and McDade concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Doug Post, appeals from the trial court's denial of his motion asking the court to reconsider its October 2017 order in a forcible entry and detainer action in favor of plaintiff, Ruth J. Schroeder. In that order, the court awarded plaintiff possession of the premises and damages in the amount of $62,726, which included $27,000 in holdover damages. We affirm.

¶ 2                              BACKGROUND

¶ 3     We take the following facts from the parties' agreed statement regarding the evidence and testimony presented during the October 2017 bench trial.

¶ 4     Plaintiff, defendant's aunt, owned an undivided 75% interest of the approximately 200 acres of land in Crescent City, Illinois, that is the subject of this lawsuit. Her brother, Robert Post, defendant's father, owned the other 25% of the land. Defendant farmed the land on a cash-rent basis for several consecutive years. When defendant failed to pay plaintiff the total amount of rent due for the 2016 crop year (he still owed $6866) by October 2016, plaintiff gave him written notice of termination of the lease agreement and demanded that he quit and deliver up possession of the property on or before February 28, 2017.

¶ 5     Robert did not agree to terminate defendant's farm tenancy. He instructed defendant to continue farming the land even after defendant received plaintiff's notice. Defendant continued to farm the land during the 2017 crop year without plaintiff's consent. During the 2017 crop year, defendant made no payments to plaintiff.

¶ 6     Following the parties' arguments, the trial court awarded plaintiff possession of the premises and ordered defendant to pay damages in the amount of $62,726 plus costs ($6866 for 2016 rent and $55,860 for 2017 rent). The 2017 award includes holdover damages pursuant to section 9-202 of the Code of Civil Procedure (Code) (735 ILCS 5/9-202 (West 2016)).

¶ 7     Thereafter, defendant filed a motion to reconsider, asserting that the court erred in awarding plaintiff (1) possession of the land that she did not prove belonged to her and (2) double damages where defendant "mitigated damages, saved waste, and there was no finding of bad faith" by continuing to farm the land in 2017. Following a hearing, the court denied defendant's motion to reconsider finding that *Daugherty v. Burns*, 331 Ill. App. 3d 562 (2002), controlled the outcome. The court also stated:

> "And I also find that [defendant's] behavior was sufficiently wrongful and not sufficiently colorable to avoid the penalty aspect of the holdover statute. The penalty is in there to keep people from holding over, and if there's no penalty imposed here, any tenant out there can simply say I'm not getting off the property. The worst that can happen is I farm it for next year and have to pay the cash rent that I would have paid last year despite the fact that perhaps insurance goes up 5 or 10 percent. So his behavior here was sufficiently wrongful as I said and not sufficiently colorable to avoid the penalty aspect of a holdover statute."

¶ 8     Defendant appeals.

¶ 9                               ANALYSIS

¶ 10    On appeal, defendant argues only that the trial court erred in awarding plaintiff holdover damages.

¶ 11    Section 9-202 of the Code governs holdover damages. It provides:

"Wilfully holding over. If any tenant or any person who is in or comes into possession of any lands, tenements or hereditaments, by, from or under, or by collusion with the tenant, wilfully holds over any lands, tenements or hereditaments, after the expiration of his or her term or terms, and after demand made in writing, for the possession thereof, by his or her landlord, or the person to whom the remainder or reversion of such lands, tenements or hereditaments belongs, the person so holding over, shall, for the time the landlord or rightful owner is so kept out of possession, pay to the person so kept out of possession, or his or her legal representatives, at the rate of double the yearly value of the lands, tenements or hereditaments so detained to be recovered by a civil action." 735 ILCS 5/9-202 (West 2016).

Essentially, the holdover statute permits a landlord to recover double the yearly value of the lands that a tenant "willfully holds over" after the tenant received written notice demanding possession upon expiration of the parties' lease. See *id.*

¶ 12    While the statute does not define "willful," our supreme court long ago noted, "when the lease ha[s] expired according to its terms, the holding over, although intentional, is not within the statute, unless it was knowingly and willfully wrongful; that where the tenant continued to hold under a reasonable belief that he was doing so rightfully, he does not incur the penalty." *Stuart v. Hamilton*, 66 Ill. 253, 255 (1872). "[A] tenant is not to be charged double rent under the holdover statute if [he] remains in possession of the premises for 'colorably justifiable reasons.' " *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 43 (quoting *J.M. Beals Enterprises, Inc. v. Industrial Hard Chrome, Ltd.*, 271 Ill. App. 3d 257, 261-62 (1995)).

¶ 13    We review a trial court's determination regarding whether a landlord is entitled to holdover damages under the manifest-weight-of-the-evidence standard. *J.M. Beals Enterprises*, 271 Ill. App. 3d at 260; *Hoffman v. Altamore*, 352 Ill. App. 3d 246, 250 (2004). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 14    After reviewing the record, we find that the manifest weight of the evidence supports the trial court's award of holdover damages. In *Daugherty*, the court held that a year-to-year tenancy terminates "in its entirety once unanimous consent to continue the tenancy no longer exists." *Daugherty*, 331 Ill. App. 3d at 570. In other words, *Daugherty* made it clear that one or more joint owners of property may terminate an oral lease agreement without the unanimous consent of all joint owners. We find no reason to disagree with the *Daugherty* court.

¶ 15    Here, it is undisputed that plaintiff, a joint owner of the farmland at issue, terminated the oral lease agreement by giving defendant written notice in October 2016. It is also undisputed that defendant ignored plaintiff's notice of termination and continued to farm the land during the 2017 crop year while paying no rent. Based upon the evidence, the trial court reasonably concluded that defendant had no reasonable belief that he rightfully possessed the land in 2017.

¶ 16                                    CONCLUSION

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court of Iroquois County.

¶ 18     Affirmed.