### LYLE, Admor. *versus* FOREMAN.

THIS was a *Foreign Attachment*, which iſſued returnable to the preſent term; and, on arguing a rule to ſhew cauſe, why the writ ſhould not be quaſhed, it was proved, that, on the 5th of *December*, the Defendant was at *Lancaſter*, in his way to *Fort Pitt*, where he intended to proceed to the *Spaniſh* ſettlement below the *Natches*, on the *Miſſiſippi*, but was actually at *Fort Pitt* on the 2d of *January*, 1790.

SHIPPEN, *Preſident*, obſerved, that while a man remained in the State, though avowing an intention to withdraw from it, he muſt be conſidered as an *inhabitant*, and, therefore, not an object of the *Foreign Attachment*. If an inhabitant clandeſtinely withdraws, or ſecretes himſelf, to avoid his creditors, he becomes liable to the *Domeſtic Attachment*. The having once been an inhabitant will not, however, protect a man forever from a *Foreign Attachment*, where he has notoriouſly emigrated from the State, and ſettled elſewhere. But the caſe before the Court, is that of a *Foreign Attachment* iſſued at the very time that the Defendant was an inhabitant of the State, which cannot be maintained.

Let the rule be made abſolute.

*Willcocks* and *Sergeant,* for the Plaintiff; *Ingerſol,* for the Defendant,