## SHIPMAN v. WOODBURY.

### March 7, 1837.

*Rule to show cause why the foreign attachment should not be dissolved.*

Foreign attachment under the act of June 13, 1836, cannot be maintained against the estate of a person who, having been a resident of the state for many years, suddenly disappears, alleging that he intended to go out of the state, but who only went to another part of it, and returned to the place where he had resided in ten days, though after the issuing of the writ.

On a competition between a foreign and a domestic attachment, the court will lean in favour of the latter, unless the non-residence of the defendant within the commonwealth is clear.

THIS was a foreign attachment issued against the defendant. A domestic attachment subsequently issued against him, and the plaintiff therein subsequently obtained this rule, on the hearing of which

*H. McIlvaine*, for the plaintiff, in the domestic attachment, read affidavits stating in substance that defendant had for many years

[Shipman v. Woodbury.]

been a resident of the city and county of Philadelphia, prior to January, 1837, when he suddenly disappeared, alleging that he intended to go to Missouri, and that he was absent ten days and returned without going further than Pittsburgh. The day after he left Philadelphia the foreign attachment was issued.

*J. A. Phillips,* contra, argued, that in point of law the defendant was not at the time of issuing the writ a *resident* within this commonwealth, (Act of 13th June, 1836, Sect. XLIV., *Stroud's Purd. tit. Action,*) it being a fair inference that he had abandoned a domicile within it, and was on his way to leave the state in pursuance of that declaration.

PER CURIAM.—The act prescribing that the defendant whose estate is liable to foreign attachment must be a person " not residing within this commonwealth," evidently contemplates a person who is resident *out* of, although he may *be* within the commonwealth, except in the county where the writ issues. The act of 1705, sect. 3, uses the words " not resident, or residing within this province." The act of 2d March, 1723, sect. 12, uses the words " not inhabitants of this province." The rules therefore laid down by the courts, prior to the act of 1836, equally apply at this time. A person going from his settled habitation here on occasional business to any other place, does not cease to be an inhabitant; *Lazarus Barnet's case,* 1 *Dall.* 153; and while such a person remains in the state, though avowing an intention to withdraw from it, he must be considered as an inhabitant, and therefore not an object of foreign attachment. *Lyle v. Foreman,* 1 *Dall.* 480; *Bainbridge v. Alderson,* 2 *Browne* 51. And it is not clear here that the defendant intended permanently to abandon his residence in this state. In this case then the rule applies, that where there is a competition under a foreign and domestic attachment, the court, on the question of residence, will lean in favour of the latter, as a more equitable law, being for the benefit of all the creditors. 1 *Dall.* 154, *ib.* 159.

PETTIT, *President,* absent from indisposition.

Rule absolute.