In the Matter of the Estate of T. F. Mardis, Deceased,
E. E. Orris, Substituted Trustee for The Winterest
Brick, Title and Material Company, Plaintiff, v.
Hulda Ann Mardis, Executrix of the Last Will and
Testament of T. F. Mardis, Deceased, Defendant.

**Estates of decedents:** contingent claims: approval of executor's
report. Where an executrix and sole legatee in her report ob-
jected therein to a contingent claim against the estate, solely on
the ground that the estate's liability was uncertain and that she
desired to close the estate, and was willing to assume personal
liability on the claim to do so, the court should have protected
the claim by approving the report subject to liability against the
estate for any amount thereafter found due.

*Appeal from Madison District Court.*—Hon. James D.
Gamble, Judge.

Tuesday, October 25, 1910.

The opinion states the case.—*Reversed* and *remanded*.

*J. P. Steele,* for appellant.

*A. W. & Phil R. Wilkinson,* for appellee.

Sherwin, J.—In July, 1907, the Winterset Brick,
Tile & Material Company sold several thousand dollars of
its bonds, all of which were secured by a trust deed upon
its property. It was unable to place these bonds with only
the security afforded by the trust deed, and, to enable said
brick, tile and material company to negotiate the bonds,
an association consisting of stockholders in the brick, tile
and material company was organized, which was known as

the "Winterset Guarantee Association." This association and the individual members thereof severally guaranteed the collection of the bonds which bore their indorsement, and also guaranteed the payment of the interest thereon. · T. F. Mardis was a stockholder in the Winterset Brick, Tile & Material Company, and he was also a member of the Winterset Guarantee Association, and one of the guarantors of the collection of the bonds. T. F. Mardis is now dead; he having died testate in April, 1908, leaving Hulda Ann Mardis, the defendant, his sole legatee. In May, 1909, J. H. Wintrode, who was then trustee of the property of the Winterset Brick, Tile & Material Company, under and by virtue of the trust deed executed and delivered to secure the bonds issued by the company, filed a contingent claim against the estate of T. F. Mardis for the sum of $11,000, with interest and accruing interest, as appeared by exhibits which were attached to the claim.

In his demand the trustee alleged the facts relative to the issuance of bonds by the Winterset Brick, Tile & Material Company and the guaranty of said bonds by the Winterset Guarantee Association and T. F. Mardis and others. It was also alleged that, according to the terms of the guaranty, the estate of T. F. Mardis would be liable for the principal and interest of said bonds after the property of the brick, tile and material company conveyed in trust to secure said bonds was exhausted, and that the claimant was unable to allege what amount, if any, the estate of T. F. Mardis would be called upon to pay, and he asked that the claim filed by him be treated as a contingent claim, and that the interest of the holders of the bonds be fully protected by an order of the court. Thereafter the defendant, Hulda Ann Mardis, as executrix of the will of T. F. Mardis, her husband, appeared and filed a report containing objections to the allowance of the trustee's contingent claim. As a part of such report and objections, she alleged that she was the executrix of her husband's will;

that her husband died testate; and that, upon her appointment as executrix, she entered upon the discharge of her duties as such; that, by the terms of her husband's will, she was named as his sole legatee; that she had paid all the expenses of administration, and was ready to make her final report, close up the estate, and be discharged if it were not for the fact of the filing of the contingent claim, to which we have already referred. She further alleged that the contingent claim grew out of the following state of facts, as she was informed and believed. She then alleged that the brick and tile company authorized an issue of bonds amounting to $15,000, and that, in order to float said bonds, stockholders of the company, her husband being one of them, organized the Winterset Guarantee Association, and that the members of said guarantee association, including T. F. Mardis, her husband, guaranteed the collection of eleven notes of $1,000 each. She further alleged that said bonds were also secured by a trust deed executed by the brick and tile company to Mr. Wintrode as trustee; that the trust deed was primary security for the bonds, being a first lien upon all of the property of the brick and tile company; that the said bonds would not mature until July 3, 1912; that the said contingent claim against the estate could not then be paid by her because it could not be determined whether said estate would ever be liable for any amount thereon. She further stated that the property of the brick and tile company covered by the trust deed to Wintrode would have to be exhausted before anything would become due under the guaranty; that she was informed and believed that the property of the brick and tile company was more than sufficient to pay off said bonds, and that she did not believe that this estate would ever be called upon to pay anything; that she further said that she was the sole legatee, and was then the owner of and held in her own right all the property of every nature and kind left by her husband, and that she was then ready

and willing, and then offered, to assume all the liabilities of said T. F. Mardis on said bonds. She then asked the court to order that the guarantee association, or the holders of the bonds, be required to accept her as security instead of the estate. At a later time, but before a final hearing was had, Mrs. Mardis withdrew her offer to sign an obligation assuming "the liabilities of T. F. Mardis to the Winterset Brick & Tile Company." Objections to the final report of the executrix were filed by the trustee, but we need not specifically notice them. Upon a hearing the trial court disallowed the contingent claim, approved the report of the executrix, and gave her a final discharge. A short time thereafter Mr. Wintrode, the original trustee, died, and by proper order of the court the present trustee, E. E. Orris, was substituted, and has appealed.

The Code (section 3343) provides that "contingent liabilities must be presented and proved, or the executor or administrator shall be under no obligations to make any provisions for satisfying them when they accrue." The appellee defends this appeal upon the proposition principally that there was a failure of proof to sustain a contingent claim against the estate of T. F. Mardis. We are constrained to say that in our judgment there is not a particle of merit in said contention. The executrix herein in the report and objections to the claim admitted as solemnly as could well be admitted by a party to an action that all of the claims made by the trustees were valid, and that the estate might in the future be called upon to pay some amount upon said bonds. And the only objection made to the contingent claim at that time was that it was uncertain, and that the executrix wanted to close the estate, and was therefore willing to personally assume the payment of any amount which might in the future be found due on her husband's guaranty. Clearly nothing more was required, and on the pleading alone the court should have made some orders which would protect the

parties who have parted with their money on the faith on Mr. Mardis' guaranty. Nothing less will satisfy the demands of justice. An order should be made which will protect this contingent claim. It may be done by an approval of the final report subject to any amount that may hereafter be found due from the estate on the testator's guaranty.

The judgment of the trial court is reversed, and the case is remanded for an order in harmony herewith.— *Reversed* and *remanded.*