## MICHAL, ESTATE OF, In re

Probate Court, Cuyahoga Co.

No. 269339.  Decided July 21, 1939

Curry & McCabe, Cleveland, for Elizabeth Michal.

Deibel, Elbrecht & Roberts, Cleveland, for Michael Michal.

## OPINION

By BREWER, J.

An application for original probate of the will of Michael Michal, deceased, was filed by Michael Michal, a son of the deceased. There is also before the Court an application for allowance and admission to record of an exemplified copy of the last will and testament of Michael Michal, filed on behalf of the surviving spouse, Elizabeth Michal.

By an agreed statement of facts, it appears that Michael Michal, a resident of the City of Cleveland, decided in the fall of 1938, and expressed his definite intention, to make a permanent home in Portland, Oregon, and proceeded to sell his home in Cuyahoga County preparatory thereto. He delivered to the Railway Express Agency all his personal property to be moved, and consigned the same to Henry Honstein, a relative at Portland, Oregon. On the 17th day of November, 1938, Michael Michal started for Portland, Oregon, by bus. On November 23rd, Michael Michal received injuries in an accident at Arlington, Oregon, and death resulted at The Dalles, about one hundred miles from Portland.

His last will and testament, which was in custody of a Cleveland attorney, was forwarded to his wife, Elizabeth Michal, at Portland, Oregon, where it was probated, and Letters Testamentary issued to the widow, Elizabeth Michal, on the 14th day of December, 1938, by the Probate Court of Multnomah County, Oregon. At the time of his death, the sole heirs were his widow, Elizabeth Michal, now residing in Portland, Oregon, and his son, by his first wife, Michael Michal, who resides in the City of Cleveland.

It is the contention of the attorney for the son that the decedent was still a resident of Cuyahoga County, Ohio, and that the admission of the will to probate in Portland, Oregon, was without authority in law, and the original probate of said decedent's will should be granted in the Probate Court of Cuyahoga County. It is asserted by counsel for Elizabeth Michal, the surviving spouse, that the decedent was a resident of Portland, Oregon, at the time of his death, and that this Court should not entertain any evidence on this question, and further contends that it is mandatory that this Court under the "full faith and credit" clause of the Constitution, assume the Probate Court in Oregon determined the question of jurisdiction before granting letters testamentary.

There is no doubt that it was the definite intention of the decedent to change his residence from Cleveland to Portland, Oregon, and to make the State of Oregon his future domicile.

The case presents two questions—

1. What was the domicile of Michael Michal at the time of his death?

Keenan, in his work on Residence and Domicile, Section 123, says:

"The authorities are fairly uniform in this country that the person who dies while in itinere from one domicile to another will be deemed to have retained the former domicile, however definite and complete may have been the abandonment of it."

In Talmadge v Talmadge, 66 Ala. 199, the decedent while domiciled in Illi-

nois purchased property in Athens, Alabama. He made improvements on this property and announced his intention of bringing his family there and making it his future home. He returned to Illinois for the purpose of removing his family to the southern home. He had his household goods crated and shipped by rail to Athens, Alabama. He died while on his way to Athens, and the Alabama Court said:

"His intention to change his domiciliary residence from Illinois to this state cannot be doubted. But such intention alone, without the complete act, is not sufficient. If he died before the consummation of his purpose his proximity to its attainment is immaterial. His old domicile in Illinois continued until a new one was actually acquired facto et animo."

Applying this rule of law, Michael Michal having died prior to his arrival at his intended domicile, even though his intention to change was definite and certain but was not completed because of his death during itinere, his domicile still remained in Cuyahoga County, and under the laws of this state his will should have been properly probated here.

2. Should full faith and credit be given to the Oregon order of probate, and this court refuse jurisdiction?

The attorneys for Elizabeth Michal rely on the case of **Hopper v Nicholas, 106 Oh St 292**, in which the Court held, quoting from part 1 and 2 of the syllabus, as follows:

"1. When a proceeding to probate a will is pending in another state, in a court of record, authorized by law to adjudicate the questions arising therein, and one fact necessary to establish the jurisdiction of the court is finding that the residence of the deceased was at death within the territorial jurisdiction of such court, and a person interested in such estate as an heir of the deceased, and a devisee under the will proposed to be probated, enters appearance in such proceeding, admits the jurisdictional fact, consents to adjudication, participates thereafter in the proceedings and receives benefits thereunder, such person and those claiming through and under him are estopped by the judgment therein.

2. Record of adjudication by a court of record in another state, authenticated as by law provided, has such faith and credit given it in the courts of the state of Ohio as it has by law or usage in the courts of the state where adjudication was had."

However, in this case Charles H. Hopper, the deceased husband of the plaintiff in error, who based her claim as an heir of the aforesaid decedent, signed a waiver at the time of the probate of the will, and the Court throughout the entire opinion in discussing it, seems to have decided the case not on the jurisdictional question of New York alone, but on the fact that any heir claiming through Charles H. Hopper is now estopped from raising the jurisdictional question. The court ended its decision, on page 302, by saying:

"Charles H. Hopper having bound himself by his appearance and participation in the proceedings in the surrogate's court, Irma Hopper is likewise bound."

It will also be noted that this will was admitted to probate by the Surrogate Court of New York County, March 1, 1898, and that this action by Irma Hopper, seeking original probate, was not commenced in Lake County until October 9, 1918.

In the case at bar, it is disclosed that the will of Michael Michal was probated on the 14th day of December, 1938, and Michael Michal had no knowledge of the proceedings until January 3, 1939.

In **Sipes v Whitney et, 30 Oh St 69**, the Court held, on page 74, as follows:

"It may now be regarded as settled that the judgments of Courts of record

of sister states are entitled to full faith and credit in every other state, when duly authenticated as required by act of Congress, and that in an action brought thereon in another state the jurisdiction of the court rendering the same over the subject-matter and the person are the only questions open for inquiry."

It is necessary, therefore, to consider the statutes and the laws of Oregon bearing upon the question.

"Sec. 11-205. Proof of a will shall be taken by the county court as follows:

1. When the testator, at or immediately before his death, was an inhabitant of the county, in whatever place he may have died;

2. When the testator, not being an inhabitant of this state, shall have died in the county, leaving assets therein;

3. When the testator, not being an inhabitant of this state, shall have died out of the state, leaving assets in the county;

4. When the testator, not being an inhabitant of this state, shall have died out of the state, not leaving assets therein, but where assets thereafter come into the county;

5. When real property, devised by the testator, is situated in the county, and no other county court has gained jurisdiction under either of the preceding subdivisions of this section."

"Sec. 11-208. Administration of the estate of an intestate shall be granted by the county court authorized to take proof of a will, as prescribed in Sec. 11-205, in case such intestate had made a will."

Bouvier's Law Dictionary defines "inhabitant" as follows:

"One who has his domicil in a place; one who has an actual fixed residence in a place. As used in the federal jurisdiction act of 1789, it means citizen. Shaw v Mining Co., 145 U. S. 444, 12 Sup. Ct 935, 36 L. Ed 768.

A mere intention to remove to a place will not make a man an inhabitant of such place, although, as a sign of such intention, he may have sent his wife and children to reside there; 1 Ashm. 126. Nor will his intention to quit his residence, unless consummated, deprive him of his rights as an inhabitant; Barnet's Case, 1 Dall. (Pa.) 153, 1 L. Ed. 77; Lyle v Foreman, 1 Dall. (Pa.) 480, 1 L. Ed. 232. See 14 Viner, Abr. 420; 6 Ad. & E. 153."

Under Sec. 11-205, the testator certainly does not come within No. 1, as he never was an inhabitant of the county; he does not not come under two, because he did not die in the county; he does not come under or four, because he died within the state; he does not come under five, because there is no evidence that he had real estate within the county. Had his estate been probated in the County of Wasco, where he actually died. a different situation might have arisen, but that question is not before the court. Or had the statute read, "shall have died outside of the county", instead of "shall have died outside of the state", a different question would have arisen. It was undoubtedly the intention of the legislature of Oregon to avoid any conflict between the various counties of the state of Oregon, and therefore inserted this definite statutory limitation, "died out of the state".

In **23 O. Jur. par. 471, page 790**, there appears the following general statement:

"The clause of the Federal Constitution which requires full faith and credit to be given in each state to the records and judicial proceedings of every other state applies to the records and proceedings of courts only so far as they have jurisdiction, and the courts of one state are not required to give full faith and credit to, or to regard as conclusive, any judgment of the court of another state, which had no jurisdiction of the subject-matter, or of the parties, or, in proceedings in rem, of the res. The same result is obtainable where a personal judgment

is rendered in an action in rem in which jurisdiction over the person has not been acquired."

In re Horton's Will 217 N. Y. 363, 111 N. E. 1066, the Court of Appeals of New York held:

"The probate court of another state is a court of limited jurisdiction; and, unless it had jurisdiction, its proceedings, admitting a will to probate, are void and derive no benefit from the 'full faith and credit' provision of the Constitution."

In re Longshore's Will, 148 Iowa, 743, 176 N. W. 902, the Supreme Court of Iowa held, in the syllabus, as follows:

"1. Will of testator domiciled in this state, originally probated in another state in which testator had property, cannot be admitted to probate in this state upon authenticated record of the foreign probate, without other proof or notice, notwithstanding Code 1897, Sec. 3294, providing for admission to probate of will probated in other state or county without the notice required in the case of domestic wills, on the production of a copy thereof and of the original record of probate authenticated; such statute having reference to will probated at the domicile of the testator in a foreign state.

2. Will may be probated in a state other than that in which testator is domiciled, but such probate is strictly a proceeding in rem, affecting only the property within such state, with no extra territorial force, and does not entitle will to admission in the state of the domicile under the statues, or under the good faith and credit clause of the Constitution."

And states in its opinion:

"Under authority and reason, therefore, we hold that the place of original probate is the place of the domicile; that a probate in any other state than the state of the domicile can have no

extraterritorial force; that such probate does not entitle the will to admission in the state of the domicile, even under the good faith and credit clause, or under statutes, such as we have in this state. We hold the statute means no more than to say that the will of a nonresident, admitted to probate according to the laws of the state of the domicile at the time of his death, may be admitted to probate in this state upon the production of a duly authenticated copy of the probate without other proof or notice. And further we hold that the state of the domicile has original jurisdiction to probate. This construction of the statute closes the door to possible fraud such as we have suggested."

In Richards v Huff, 146 Okla. 108, 293 P. 1028, the Court held:

"1. When a foreign will is presented for ancillary probate in a court of this state, it is the duty of such court to determine the jurisdictional fact of the residence of the testator at the time of his death, and such determination is not, under the full faith and credit clause of the United States Constitution (Article 4, Sec. 1), to be controlled by the finding and judgment of the foreign court on the question."

In re Clark's Estate, 82 P. 760, part six of the syllabus reads:

"Under Code Civ. Pro. Sec. 1294, providing that wills must be proved in the county of which the decedent was a resident at the time of his death, wherever he may have died, the will of a resident of California, having been originally proved in another state, could not thereafter be proved in California as a foreign will, under Section 1322, authorizing the allowance and record of foreign wills in any county in which the testator should have left any estate."

In the opinion, page 763, the Court said:

"It must be taken, therefore. as settled in this state, upon the authority of the cases cited, that the probate of such will is free from attack upon these questions in collateral proceedings, but that, upon the other hand, it is the duty of the court in probate to do as the court here did, refuse probate to a will offered as a foreign will. if the court shall be satisfied from the evidence that the testator was, in fact, a resident of this state at the time of his death."

On the application for rehearing, on page 767, the Court said:

"When the will of a resident of this state is the res, is it possible that the courts of every civilized country on the globe have a concurrent jurisdiction upon published notice to determine its validity? If we look to our own statute for a test of jurisdiction in such cases, we find that we confine the jurisdiction to the county of which the decedent was a resident at the time of his death, and this, it is safe to say, is the ordinary rule. Authority to take proof of wills is confined to courts whose territorial jurisdiction includes the domicile of the decedent. The fact that in this state, as in other states and countries, wills of nonresidents are admitted to probate on original proceedings for the purpose of administering upon their property within the state is no impeachment of this proposition."

In Pratt v Hawley, et, 297 Ill., 244, 130 N. E. Rep. 793, the Supreme Court of Illinois, in part two of the syllabus said:

"If the probate court of another state, in admitting a will to probate, had no jurisdiction of the subject-matter of the person, or if the proceeding for probate was under a law in violation of the federal Constitution, the record of such court is a nullity, and not entitled to any credit in Illinois under the federal Constitution."

This Court comes to the following conclusions:

First: At the time of his death, Michael Michal was a resident of Cuyahoga County.

Second: That the Probate Department of the Circuit Court, County of Multnomah, Oregon, was without jurisdiction to grant an order admitting the will of Michael Michal to probate; and this Court is not bound by Constitutional provisions to give full faith and credit to the order of probate.

The application for allowance and admittance to record of the authenticated copy of the last will and testament in the above entitled case, is hereby denied.

The application for original probate of the will of Michael Michal is granted.

A journal entry will be prepared accordingly.